# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, By and through its Attorney General, JEFF LANDRY, et al., | |
| *Plaintiffs,* | Civ. No.: 2:21-cv-00778-TAD-KK |
| *v.* | Judge: Terry A. Doughty |
| JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, et al., | Mag. Judge: Kathleen Kay |
| *Defendants,* | |
| and | |
| HEALTHY GULF, et al., | |
| *Intervenor-Defendants.* | |

## <u>CONSERVATION GROUPS' MOTION TO INTERVENE</u>

Healthy Gulf, Center for Biological Diversity, Cook Inletkeeper, Defenders of Wildlife, Friends of the Earth, Natural Resources Defense Council, Oceana, Sierra Club, and The Wilderness Society (collectively, "Conservation Groups") respectfully move under Federal Rule of Civil Procedure 24 to intervene as defendants as a matter of right or, in the alternative, permissively. Conservation Groups seek intervention in this action to protect their and their members' interests in avoiding harms to the environment and climate from new oil and gas leasing on federal lands and waters that may be impaired if Plaintiff States Louisiana et al. ("the States") prevail in this action. Conservation Groups respectfully request expedited consideration of this Motion so that they may participate as parties in opposing the States' pending Motion for

a Preliminary Injunction, R. Doc. 3.[1]

This Motion is supported by the Memorandum filed with this Motion, as well as accompanying declarations from each of the Conservation Groups. Conservation Groups have also filed a Proposed Answer to Plaintiffs' Complaint with this Motion. Pursuant to LR7.6, Counsel for Conservation Groups presented the Proposed Answer to counsel for the States and Federal Defendants—that is, all parties who have an interest to oppose. Counsel for the States indicated they oppose intervention. Counsel for Federal Defendants stated they take no position.

Conservation Groups seek intervention as of right under Rule 24(a)(2), or alternatively, permissive intervention under Rule 24(b). Rule 24(a)(2) provides, in pertinent part, "On timely motion, the court must permit anyone to intervene . . . who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." As explained in the accompanying Memorandum, Conservation Groups' Motion is timely because it is being filed at the earliest stages of this case. Conservation Groups have legally cognizable interests relating to the subject of the States' Complaint: the Executive Order on Tackling the Climate Crisis at Home and Abroad, Exec. Order No. 14008, 86 Fed. Reg. 7619 (Feb. 1, 2021), and the postponement or deferral of certain proposed federal oil and gas lease sales pursuant to that Order. Specifically, Conservation Groups have interests arising from their long history of engagement in Interior's oil and gas leasing programs and more recent advocacy for a pause in new leasing that is contemplated by the Executive Order. Conservation Groups and their members also have

---

[1] If the Court has not ruled on this Motion before the deadline for oppositions to the preliminary injunction motion, Conservation Groups intend to file a proposed opposition on that date, to be entered if this Motion is subsequently granted.

cognizable interests abating the climate crisis and protecting wildlife, water and air quality, public health, and cultural resources from the harms that result from additional leasing on federal lands and in federal waters. The States' requested relief would impair Conservation Groups' ability to protect those interests because they seek to enjoin the Executive Order and compel Interior to immediately offer federal lands and waters for oil and gas leasing. This risk to Conservation Groups' interests is made more imminent by the States pending preliminary injunction motion. The practical effects of the State's requested relief also could extend beyond this case to prospectively limit Interior's ongoing review of the federal leasing program review, which Conservation Groups have long sought. Finally, Conservation Groups interests may not— indeed, will not—be adequately represented by the existing parties because they have a different ultimate objective from Federal Defendants and because Federal Defendants are obligated to represent and balance a wide variety of interests (i.e., the broad public interest) when managing federal lands and waters, that precludes them from giving environmental, cultural, and health interests the same kind of primacy that Conservation Groups would.

If the Court denies intervention as of right, Conservation Groups request the Court to grant permissive intervention, which "is appropriate when the intervention request is timely, the intervenor's 'claim or defense and the main action have a question of law or fact in common,' and granting intervention will not unduly delay or prejudice the original parties in the case." Fed. R. Civ. P. 24(b). Conservation Groups' motion is timely, their defense shares a question of law (*e.g.*, the legal authority for the President and Interior to make the decisions challenged in this case), and their intervention at this early stage would not delay this case or prejudice the existing parties.

For the reasons above and in the accompanying Memorandum, Conservation Groups respectfully ask this Court to grant them intervention as of right, or, in the alternative, by permission, to protect them and their members' interests in the appropriate and necessary leasing pause pending review of the federal oil and gas program.

Respectfully submitted this 27th day of April, 2021.

*/s/ Corinne Van Dalen*
Corinne Van Dalen (LA Bar # 21175)
Earthjustice
900 Camp Street, Unit 303
New Orleans, LA 701
T: 415-283-2335 F: 415-217-2040
cvandalen@earthjustice.org

*/s/ Christopher Eaton*
Christopher Eaton (*pro hac vice* pending)
Shana E. Emile (*pro hac vice* pending)
Earthjustice
810 Third Avenue, Suite 610
Seattle, WA 98104
T: 206-343-7340 F: 415-217-2040
ceaton@earthjustice.org
semile@earthjustice.org

*/s/ Thomas R. Delahanty*
Thomas R. Delahanty (*pro hac vice* pending)
Michael S. Freeman (*pro hac vice* pending)
Earthjustice
633 17th St., Suite 1600
Denver, CO 80202
T: 303-623-9466 F: 720-550-5757
tdelahanty@earthjustice.org
mfreeman@earthjustice.org

*/s/ Erik Grafe*
Erik Grafe (*pro hac vice* pending)
Earthjustice
441 W 5th Ave., Suite 301
Anchorage, AK 99501
T: 907-277-2500 F: 907-277-1390
egrafe@earthjustice.org

*/s/ Joel Waltzer*
Joel Waltzer (LA Bar #19268)
Waltzer, Wiygul, and Garside
3201 General De Gaulle Dr., Ste. 200
New Orleans LA, 70114
T: 504-340-6300 F: 504-340-6330
joel@wwglaw.com

*/s/ Robert Wiygul*
Robert Wiygul (LA Bar #17411)
Waltzer, Wiygul, and Garside
1011 Iberville Dr.
Ocean Springs, MS 39564
T: 228-872-1125 F: 228-872-1128
robert@wwglaw.com

*s/ Brad Sewell*
Brad Sewell (*pro hac vice* forthcoming)
Irene Gutierrez (*pro hac vice* forthcoming)
Natural Resources Defense Council
40 W. 20th St., 11th Fl.
New York, NY 10011
T: 212-727-2700
bsewell@nrdc.org
igutierrez@nrdc.org

*Counsel for Intervenor-Defendant Natural Resources Defense Council*

*Counsel for Intervenor-Defendants Healthy Gulf, Center for Biological Diversity, Cook Inletkeeper, Defenders of Wildlife, Friends of the Earth, Oceana, Sierra Club, and The Wilderness Society*