## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

THE STATE OF LOUISIANA, By and
through its Attorney General, JEFF
LANDRY, et al.,

*Plaintiffs,*

*v.*

JOSEPH R. BIDEN, JR., in his official
capacity as President of the United States, et
al.,

*Defendants*,

and

HEALTHY GULF, et al.,

*Intervenor-Defendants.*

Civ. No.:      2:21-cv-00778-TAD-KK

Judge:        Terry A. Doughty

Mag. Judge:   Kathleen Kay

## ANSWER IN INTERVENTION

Intervenor-Defendants Healthy Gulf, Center for Biological Diversity, Cook Inletkeeper, Defenders of Wildlife, Friends of the Earth, Natural Resources Defense Council, Oceana, Sierra Club, and The Wilderness Society, through counsel, answer the complaint in this case dated March 24, 2021 (ECF No. 1), as follows. The numbered paragraphs below correspond to the numbered paragraphs in the complaint. Intervenor-Defendants deny each and every allegation in the complaint that is not specifically admitted in this Answer.

## INTRODUCTION

1.      The allegations in the first sentence of Paragraph 1 are too vague to permit a response.  To the extent a response may be required, Intervenor-Defendants deny. The remaining allegations in Paragraph 1 quote from and purport to characterize the contents of the referenced

newspaper article, which speaks for itself and is the best evidence of its contents.  Intervenor-Defendants deny any allegations inconsistent with the article.

2.      The allegations in the first and second sentences of Paragraph 2 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.  Intervenor-Defendants admit the allegation in the third sentence of Paragraph 2 that the Department of Interior has issued leases for the development of oil and natural gas on public lands and offshore waters. The allegation that the issuance of such leases was in compliance with certain statutes is a legal conclusion to which no response is required. To the extent a response may be required, Intervenor-Defendants deny. The allegations in the remaining sentences of Paragraph 2 are too vague to permit a response.  To the extent a response may be required, Intervenor-Defendants deny.

3.      Intervenor-Defendants admit that on January 27, 2021, President Biden issued Executive Order 14008, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations in the third sentence of Paragraph 3 inconsistent with the order. The remaining allegations in Paragraph 3 are too vague to permit a response. To the extent a response may be required, Intervenor-Defendants deny.

4.      The allegations in Paragraph 4 are too vague to permit a response. To the extent a response may be required, Intervenor-Defendants deny.

5.      The allegations in Paragraph 5 are too vague to permit a response or are legal conclusions to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny.

6.     The allegations in Paragraph 6 are too vague to permit a response or are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

7.     The allegations in Paragraph 7 are legal conclusions to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny.

## PARTIES

8.     Intervenor-Defendants admit Louisiana is a sovereign State of the United States of America, that Jeff Landry is the Attorney General of the State of Louisiana, and that his offices are located at 1885 North Third Street, Baton Rouge, LA 70802. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and therefore deny.

9.     Intervenor-Defendants admit Alabama is a sovereign State of the United States of America. The allegations in sentence three of Paragraph 9 purport to characterize the contents of a website, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context. The remaining allegations in Paragraph 9 are too vague to permit a response or are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

10.     Intervenor-Defendants admit Alaska is a sovereign State of the United States of America. The allegations in the seventh sentence of Paragraph 10 purport to characterize the Northern Economics' 2018 Study, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore deny.

11.     Intervenor-Defendants admit Arkansas is a sovereign State of the United States of America. The remaining allegations in Paragraph 11 are too vague to permit a response or are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

12.     Intervenor-Defendants admit Georgia is a sovereign State of the United States of America. The remaining allegations in Paragraph 12 are too vague to permit a response or are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

13.     Intervenor-Defendants admit Mississippi is a sovereign State of the United States of America. The allegations in sentence four of Paragraph 13 purport to characterize the contents of a website, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context. The remaining allegations in Paragraph 13 are too vague to permit a response or are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

14.     Intervenor-Defendants admit Missouri is a sovereign State of the United States of America. The remaining allegations in Paragraph 14 are too vague to permit a response or are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

15.     Intervenor-Defendants admit Montana is a sovereign State of the United States of America. The remaining allegations in Paragraph 15 are too vague to permit a response or are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

16.     Intervenor-Defendants admit Nebraska is a sovereign State of the United States of America. The remaining allegations in Paragraph 16 are too vague to permit a response or are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

17.     Intervenor-Defendants admit Oklahoma is a sovereign State of the United States of America. The remaining allegations in Paragraph 17 are too vague to permit a response or are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

18.     Intervenor-Defendants admit Texas is a sovereign State of the United States of America. The allegations in sentence six purport to characterize the contents of a website, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context. The remaining allegations in Paragraph 18 are too vague to permit a response or are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

19.     Intervenor-Defendants admit Utah is a sovereign State of the United States of America. The allegations in the eighth, tenth, eleventh, twelfth, thirteenth, and fourteenth sentences of Paragraph 19 quote from and purport to characterize the contents of certain websites and documents, which speak or themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context. The remaining allegations in Paragraph 19 are too vague to permit a response or are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

20.     Intervenor-Defendants admit West Virginia is a sovereign State of the United States of America. The allegations in the fourth, seventh, and eighth sentences of Paragraph 20 purport to characterize the contents of certain websites and documents, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context. The remaining allegations in Paragraph 20 are too vague to permit a response or are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

21.     Intervenor-Defendants admit the allegations in Paragraph 21.

22.     Intervenor-Defendants admit the allegations in Paragraph 22.

23.     Intervenor-Defendants admit the allegations in Paragraph 23.

24.     Intervenor-Defendants admit the allegations in Paragraph 24.

25.     Intervenor-Defendants admit the allegations in Paragraph 25.

26.     Intervenor-Defendants admit the allegations in Paragraph 26.

27.     Intervenor-Defendants admit the allegations in Paragraph 27.

28.     Intervenor-Defendants admit the allegations in Paragraph 28.

29.     Intervenor-Defendants admit the allegations in Paragraph 29.

30.     Intervenor-Defendants admit the allegations in Paragraph 30.

31.     Intervenor-Defendants admit the allegations in Paragraph 31.

32.     Intervenor-Defendants admit the allegations in Paragraph 32.

33.     Intervenor-Defendants admit the allegations in Paragraph 33.

34.     Intervenor-Defendants admit the allegations in Paragraph 34.

35.     Intervenor-Defendants admit the allegations in Paragraph 35.

36.     Intervenor-Defendants admit the allegations in Paragraph 36.

37.     Intervenor-Defendants admit the allegations in Paragraph 37.

38.     Intervenor-Defendants admit the allegations in Paragraph 38.

39.     Intervenor-Defendants admit the allegations in Paragraph 39.

40.     Intervenor-Defendants admit the allegations in Paragraph 40.

## JURISDICTION & VENUE

41.     The allegations in Paragraph 41 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

42.     The allegations in Paragraph 42 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

43.     The allegations in Paragraph 43 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

## BACKGROUND

44.     The allegations of Paragraph 44 are legal conclusions to which no response is required. The allegations in Paragraph 44 also purport to characterize the Outer Continental Shelf Lands Act (OCSLA) and a court opinion, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

45.     The allegations of Paragraph 45 are legal conclusions to which no response is required. The allegations in Paragraph 45 also purport to characterize OCSLA and a court opinion, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

46.     The allegations of Paragraph 46 are legal conclusions to which no response is required. Further, the allegations in the first, second, and third sentences of Paragraph 46 purport to characterize OCSLA and a court opinion, which speak for themselves and are the best

evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.  Intervenor-Defendants admit that the 2017-2022 Five Year Program was adopted after notice-and-comment and consultation period.  Plaintiffs' characterizations that the Program "currently governs oil and gas leasing" and that the notice-and-comment and consultation period was "extensive" are too vague to permit a response. To the extent a response may be required, Intervenor-Defendants deny.

47.     The allegations of Paragraph 47 are legal conclusions to which no response is required. The allegations in Paragraph 47 also purport to characterize the requirements of OCSLA, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

48.     The allegations of Paragraph 48 are legal conclusions to which no response is required. The allegations in Paragraph 48 also purport to characterize OCSLA and an Interior Department Manual, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

49.     The allegations of Paragraph 49 are legal conclusions to which no response is required. The allegations in Paragraph 49 also purport to characterize OCSLA and a court opinion, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

50.     The allegations of Paragraph 50 are legal conclusions to which no response is required. The allegations in Paragraph 50 also purport to characterize OCSLA, the Coastal Impact Assistance Program, and the Gulf of Mexico Energy Security Act, which speak for

themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

51.     The allegations in the first and third sentences of Paragraph 51 purport to characterize websites and documents, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.  Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and therefore deny.

52.     The allegations in the first, ninth, and thirteenth sentences of Paragraph 52 are too vague to permit a response.  To the extent a response may be required, Intervenor-Defendants deny.  The allegations in the third, fourth, sixth, seventh, eighth, eleventh, and twelfth sentences of Paragraph 52 purport to characterize the contents of financial reports and the Utah Code, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 and therefore deny.[1]

53.     The allegations in the first sentence of Paragraph 53 are too vague to permit a response.  To the extent a response may be required, Intervenor-Defendants deny.  Intervenor-Defendants admit that Barack Obama was President and Joe Biden was Vice President in 2014. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to when the process of creating the Current Five-Year Program began and therefore deny. The allegations in the third and fourth sentences of Paragraph 53 purport to characterize the contents of statutes and

---

[1] The allegations in Footnote 1 purport to characterize Utah Code, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

documents, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

54.     The allegations in Paragraph 54 purport to characterize the contents of documents, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

55.     The allegations in Paragraph 55 purport to characterize the contents of documents, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

56.     Intervenor-Defendants admit that BOEM published the then-Proposed Final Program in November 2016.  The allegations in the second sentence of Paragraph 56 are too vague and speculative to permit a response.  To the extent a response may be required, Intervenor-Defendants deny.  The third, fourth, and fifth sentences in Paragraph 56 quote from and purport to characterize the contents of the referenced the Final Program, which speaks for itself and is the best evidence of its contents.  Intervenor-Defendants deny any allegations inconsistent with its plain language, meaning, and context.

57.     Intervenor-Defendants deny that OCS Oil and Gas Lease Sale 257 was "approved" by the Final Program.  The remaining allegations Paragraph 57 purport to characterize the contents of the Final Program and a Federal Register notice, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations inconsistent with its plain language, meaning, and context.

58.     The allegations in Paragraph 58 quote from and purport to characterize the contents of the referenced Final Program, which speaks for itself and is the best evidence of its

contents.  Intervenor-Defendants deny any allegations inconsistent with its plain language, meaning, and context.

59.     The allegations in Paragraph 59 quote from and purport to characterize the contents of the referenced the Record of Decision and Approval of the 2017-2022 Outer Continental Shelf Oil and Gas Leasing Program 3 (Jan. 17, 2017), which speaks for itself and is the best evidence of its contents.  Intervenor-Defendants deny any allegations inconsistent with its plain language, meaning, and context.

60.     The allegations in Paragraph 60 are too vague to permit a response.  To the extent a response may be required, Intervenor-Defendants deny.[2]

61.     The allegations in Paragraph 61 that BOEM's publication of a Proposed Notice of Sale for Lease 257 in the Gulf of Mexico was "[i]n accordance with the Five-Year Program" and that BOEM sent the Proposed Notice to the Governors of the affected States "[a]s OCLSA requires" are legal conclusions to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny.  Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that BOEM sent the Proposed Notice to the Governors of the affected States and therefore deny. The remaining allegations in Paragraph 61 quote from and purport to characterize Federal Register documents and the Proposed Notice of Sale for Lease 257 in the Gulf of Mexico, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

---

[2] The allegations in Footnote 2 quote from and purport to characterize the Final Program, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

62.     The allegations in Paragraph 62 quote from and purport to characterize the contents of a Record of Decision, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

63.     The allegations in Paragraph 63 quote from and purport to characterize the contents of a Record of Decision, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

64.     The allegations in Paragraph 64[3] purport to characterize the contents of a Record of Decision, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

65.     Intervenor-Defendants admit proposed Lease Sale 258 would offer lands for lease in the Cook Inlet, Alaska.  Intervenor-Defendants lack knowledge or information sufficient to form a belief as to whether or when BOEM began the process of preparing Lease Sale 258 and therefore deny.  The allegation that preparation of Lease Sale 258 was "in accordance with the Current Five-Year Program" is a legal conclusion to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny.  The remaining allegations in Paragraph 65 purport to characterize the contents of the Federal Register notices, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

---

[3] The allegations in the first sentence of Footnote 3 purport to characterize the contents of a Record of Decision and agency website, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.  The allegations in the second sentence of Footnote 3 characterize Plaintiffs' litigation position, to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny.

66.     Intervenor-Defendants admit President Biden issued Executive Order 14008 on January 27, 2021.  The remaining allegations are too vague to permit a response. To the extent a response may be required, Intervenor-Defendants deny.

67.     The allegations in the first sentence of Paragraph 67 are too vague to permit a response or are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny. The allegations in the second sentence quote and purport to characterize the contents of Executive Order 14008, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context. The remaining allegations in Paragraph 67 are too vague to permit a response. To the extent a response may be required, Intervenor-Defendants deny.

68.     The allegations in the first, second, third, fourth, and sixth sentences in Paragraph 68 quote and purport to characterize the contents of Executive Order 14008, Secretarial Order No. 3395, and a Department of the Interior Manual, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.  The allegations in the fifth sentence of Paragraph 68 are too vague to permit a response.  To the extent a response may be required, Intervenor-Defendants deny.

69.     The first sentence of Paragraph 69 purports to characterize the contents of the Memorandum, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context. The

remaining allegations are too vague to permit a response. To the extent a response may be required, Intervenor-Defendants deny.[4]

70.     The first sentence of Paragraph 70 quotes from and purports to characterize the contents of a Memorandum, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context. The second sentence is too vague to permit a response and a legal conclusion to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny.

71.     The allegations in the first two sentences of Paragraph 71 are too vague to permit a response and contain legal conclusions to which no response is required.  To the extent a response is required, Intervenor-Defendants deny. The remaining allegations in Paragraph 71 purport to characterize a court opinion, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.[5]

72.     The allegations in Paragraph 72 are too vague to permit a response and are legal conclusions to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny.

73.     The allegations in the first four sentences of Paragraph 73 quote from and purport to characterize the contents of a Federal Register Notice, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain

---

[4] The allegations in Footnote 4 characterize Plaintiffs' litigation position, to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny.

[5] The allegations in Footnote 5 characterize Plaintiffs' litigation position, to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny.

language, meaning, and context. The remaining allegations in Paragraph 73 are too vague to permit a response. To the extent a response may be required, Intervenor-Defendants deny.

74.      Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 74 and therefore deny.  The allegations in the second sentence of Paragraph 74 purport to characterize the contents of a Federal Register notice, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

75.       The allegations in the first sentence of Paragraph 75 are legal conclusions to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny.  The remaining allegations in Paragraph 75 purport to characterize the contents of court opinions, which speak for themselves and are the best evidence of their contents.  Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

76.      The allegations of Paragraph 76 are legal conclusions to which no response is required.  Further, the allegations in the first sentence of Paragraph 76 purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context. The other citations purport to characterize OCSLA and court opinions, which speak for themselves and are the best evidence of their contents.  Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.  Intervenor-Defendants deny the remaining allegations in Paragraph 76.

77.      The allegations of Paragraph 77 are legal conclusions to which no response is required. The allegations in the first, fifth, and sixth sentences of Paragraph 77 quote from and purport to characterize the Administrative Procedure Act and court opinions, which speak for

themselves and are the best evidence of their contents.  Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.  The allegations in the second sentence of Paragraph 77 are legal conclusions to which no response is required.  The allegations in the third and fourth sentences of Paragraph 77 are too vague to permit a response.  To the extent responses may be required, Intervenor-Defendants deny.

78.     The allegations of Paragraph 78 are legal conclusions to which no response is required. The allegations in Paragraph 78 quote from and purport to characterize the Administrative Procedure Act and court opinions, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

79.     The allegations of Paragraph 79 are legal conclusions to which no response is required. Intervenor-Defendants deny the first and fifth sentences in Paragraph 79.  The remaining allegations are too vague to permit a response.  To the extent a response may be required, Intervenor-Defendants deny.  The citation at the end of Paragraph 79 purports to characterize a court opinion, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

80.     The allegations in Paragraph 80 are legal conclusions to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny.  The citations in Paragraph 80 purport to characterize the contents of court opinions, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

81.     The allegations of Paragraph 81 are legal conclusions to which no response is required.  The allegations in the first two sentences of Paragraph 81 are too vague to permit a response. To the extent a response may be required, Intervenor-Defendants deny.  The allegations in the third sentence of Paragraph 81 quote from and purports to characterize a court opinion, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

82.     The allegations in the first and third sentences of Paragraph 82 are legal conclusions to which no response is required.  The allegations in the second sentence of Paragraph 82 are too vague to permit a response. To the extent responses may be required, Intervenor-Defendants deny. The citation in Paragraph 82 purports to characterize the contents of a court opinion, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

83.     The allegations of Paragraph 83 are legal conclusions to which no response is required.  The allegations in the first and fourth sentences of Paragraph 83 quote from and purport to characterize the APA and a court case, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context. Intervenor-Defendants deny the remaining allegations in Paragraph 83.

84.     Intervenor-Defendants admit the Federal Register indicates the Recission is signed by Michael Celata, BOEM's Gulf of Mexico Regional Director.  The remaining allegations in the first, second, and fifth sentences of Paragraph 84 are legal conclusions to which no response is required. The allegations in the third sentence of Paragraph 84 are too vague to permit a response.  To the extent responses may be required, Intervenor-Defendants deny.  The

allegations in the fourth sentence of Paragraph 84 quote from and purport to characterize the contents of the BOEM's Departmental Handbook, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.[6]

85.     The allegations in Paragraph 85 are too vague to permit a response. To the extent a response may be required, Intervenor-Defendants deny.

86.     The allegations in the first three sentences of Paragraph 86 purport to characterize a press release and Federal Register notice, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context. The allegations in the fourth sentence of Paragraph 86 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

87.     The allegations in Paragraph 87 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

88.     The allegations in the first sentence of Paragraph 88 quote from and purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context. The allegations in the second sentence are too vague to permit a response. To the extent a response may be required, Intervenor-Defendants deny.

---

[6] The allegations in the first and third sentences of Footnote 6 quote from and purport to characterize the contents of Secretarial Order 3395 and a March 19, 2021 memorandum, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context. The allegations in the second sentence of Footnote 6 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

89.     The allegations in the first and third sentences of Paragraph 89 are legal conclusions to which no response is required.  The remaining allegations are too vague to permit a response.  To the extent responses may be required, Intervenor-Defendants deny.

90.     The allegations in Paragraph 90 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

91.     The allegations of Paragraph 91 are legal conclusions to which no response is required.  The allegations in Paragraph 91 quote from and purport to characterize the contents of the Federal Land Policy and Management Act, the Mineral Leasing Act, and the Bureau of Land Management's regulations, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.[7]

92.     The allegations in Paragraph 92 purport to characterize the contents of the Mineral Leasing Act, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

93.     Intervenor-Defendants admit that BLM's lease sale schedules in certain states provided for possible lease sales in March and April 2021, but deny the remaining allegations in Paragraph 93.

94.     The allegations in Paragraph 94 purport to characterize the contents of a BLM document, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

---

[7] The allegations in Footnote 7 purport to characterize the contents of the Federal Land Policy and Management Act, and a court opinion, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

95.     The allegations in Paragraph 95 purport to characterize the contents of a BLM document, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

96.     The allegations in Paragraph 96 purport to characterize the contents of a BLM document, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

97.     The allegations in Paragraph 97 purport to characterize the contents of a BLM document, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

98.     The allegations in Paragraph 98 purport to characterize the contents of a BLM document, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

99.     The allegations in Paragraph 99 purport to characterize the contents of a BLM document, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

100.     Intervenor-Defendants admit that President Biden issued Executive Order 14008 on January 27, 2021. The remaining allegations of Paragraph 100 quote from and purport to characterize the contents of the Executive Order, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

101.     The allegations in Paragraph 101 purport to characterize the contents of the BLM Fact Sheet, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

102.    The allegations in Paragraph 102 are too vague to permit a response and are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.[8]

103.    The allegations in Paragraph 103 purport to characterize the contents of a BLM posting, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

104.    The allegations in Paragraph 104 quote from and purport to characterize the contents of a BLM posting, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

105.    The allegations in Paragraph 105 quote from and purport to characterize the contents of a BLM posting, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

106.    The allegations in Paragraph 106 quote from and purport to characterize the contents of a BLM posting, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

107.    The allegations in Paragraph 107 quote from and purport to characterize the contents of a BLM posting, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

---

[8] The allegations in Footnote 8 are too vague to permit a response, are legal conclusions to which no response is required, and characterize Plaintiffs' litigation position, to which no response is required.  To the extent responses may be required, Intervenor-Defendants deny.

108.    The allegations in Paragraph 108 quote from and purport to characterize the contents of a BLM posting, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

109.    The allegations in Paragraph 109 quote from and purport to characterize the contents of a BLM posting, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

110.    The allegations of Paragraph 110 purport to characterize the contents of BLM's Eastern States Office's lease sale page and NEPA Register, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

111.    The allegations of Paragraph 111 are legal conclusions to which no response is required.  The allegations in the first sentence of Paragraph 111 purport to characterize the contents of the APA, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context. The allegations in the second and third sentences of Paragraph 111 are legal conclusions to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny. The remaining allegations are too vague to permit a response and are legal conclusions to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny. The citations in Paragraph 111 purport to characterize the contents of the MLA and court opinions, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.[9]

---

[9] The allegations in Footnote 9 characterize Plaintiffs' litigation position, to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

112.     The allegations in the first and third sentences of Paragraph 112 are legal conclusions to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny. The allegations in the second sentence of Paragraph 112 purport to characterize the contents of a factsheet, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

113.     The allegations in Paragraph 113 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.  The citations in Paragraph 113 purport to characterize the contents of the APA and a court opinion, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

114.     The allegations in Paragraph 114 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

115.     The allegations in Paragraph 115 are too vague to permit a response and are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

116.     Intervenor-Defendants deny the allegations in the second sentence of Paragraph 116. The remaining allegations in Paragraph 116 are too vague to permit a response and are legal conclusions to which no response is required.  To the extent responses may be required, Intervenor-Defendants deny.  The citations in Paragraph 116 purport to characterize the contents of statutes and websites, which speak for themselves and are the best evidence of their contents.

Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.[10]

117. The allegations in the first sentence of Paragraph 117 purport to characterize a program provided in the Louisiana State Constitution, which speaks for itself and is the best evidence of its contents. To the extent a response may be required, Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that GOMESA lease proceeds are deposited annually in the State Coastal Protection and Restoration Fund and therefore deny. The remaining allegations in the first, second, fourth, and fifth sentences are too vague to permit a response. To the extent responses may be required, Intervenor-Defendants deny. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 117 and therefore deny. The citations in Paragraph 117 purport to characterize the contents of websites and a court opinion, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.[11] [12]

---

[10] The contents in Footnote 10 purport to characterize the contents of documents, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

[11] The contents in Footnote 11 purport to characterize the contents of a document, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

[12] The allegations in Footnote 12 are too vague to permit a response. To the extent a response may be required, Intervenor-Defendants deny. The citation in Footnote 12 purports to characterize the contents of a website, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

118.    Intervenors-Defendants deny the allegations in the first sentence of Paragraph 118. The allegations in the second sentence purport to characterize the contents of the Northern Economics' 2018 Study, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context. The remaining allegations of Paragraph 118 are too vague to permit a response.  To the extent a response is required, Intervenor-Defendants deny.

119.    The remaining allegations of Paragraph are too vague to permit a response.  To the extent a response is required, Intervenor-Defendants deny.  The citations in Paragraph 119 purport to characterize the contents of a statute and a report, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

120.    Intervenors Defendants deny the allegations Paragraph 120.

121.    The allegations in the first, second, seventh, and eighth sentences of Paragraph 121 are too vague to permit a response.  To the extent a response is required, Intervenor-Defendants deny. The allegations in the third, fourth, fifth, sixth, ninth, and tenth sentences of Paragraph 121 purport to characterize a website and various documents, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

122.    The allegations in the first sentence of Paragraph 122 are too vague to permit a response.  To the extent a response is required, Intervenor-Defendants deny.  The allegations in the second sentence of Paragraph 122 purport to characterize the contents of a website, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

25

123.    The allegations in Paragraph 123 are too vague to permit a response or are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny. The citations in Paragraph 123 purport to characterize the contents of a court opinion and a report, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

124.    Intervenor-Defendants deny the allegations in Paragraph 124.

125.    Intervenor-Defendants deny the allegations of the first and third sentences of Paragraph 125.  The allegations in the second sentence of Paragraph 125 are too vague to permit a response.  To the extent a response may be required, Intervenor-Defendants deny.  The citations in Paragraph 125 purport to characterize the contents of court opinions, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

126.    The allegations of Paragraph 126 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.  The citations in Paragraph 126 purport to characterize the contents of court opinions, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

## COUNT I

127.    Intervenor-Defendants incorporate by reference their responses to the preceding Paragraphs.

128.    The allegations in Paragraph 128 quote from and purport to characterize the United States Code, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

129.    The allegations in Paragraph 129 are legal conclusions to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny.

130.    The allegations in Paragraph 130 are legal conclusions to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny.

131.    The allegations in Paragraph 131 are legal conclusions to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny.

132.    The allegations in Paragraph 132 are legal conclusions to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny.

133.    The allegations in Paragraph 133 state Plaintiffs' request for relief, to which no response is required.  Intervenor-Defendants deny that Plaintiffs are entitled to any relief.

## **COUNT II**

134.    Intervenor-Defendants incorporate by reference their responses to the preceding Paragraphs.

135.    The allegations in Paragraph 135 quote from and purport to characterize the United States Code, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

136.    The allegations in Paragraph 136 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

137.    The allegations in Paragraph 137 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

138.    The allegations in Paragraph 138 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

139.    The allegations in Paragraph 139 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

27

140.     The allegations in Paragraph 140 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

141.     The allegations in Paragraph 141 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

## COUNT III

142.     Intervenor-Defendants incorporate by reference their responses to the preceding Paragraphs.

143.     The allegations in Paragraph 143 quote from and purport to characterize the United States Code, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

144.     The allegations in Paragraph 144 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

145.     The allegations in Paragraph 145 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

146.     The allegations in Paragraph 146 are legal conclusions and state Plaintiffs' requested relief, to which no response is required. To the extent a response may be required, Intervenor-Defendants deny the allegations and deny that Plaintiffs are entitled to relief.

## COUNT IV

147.     Intervenor-Defendants incorporate by reference their responses to the preceding Paragraphs.

148.     The allegations in Paragraph 148 quote from and purport to characterize the United States Code, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

149.    The allegations of Paragraph 149 are legal conclusions to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny the allegations in Paragraph 149.

150.    The allegations in Paragraph 150 are legal conclusions, and Plaintiffs' requested relief, to which no response is required. To the extent a response may be required, Intervenor-Defendants deny the allegations, and deny that Plaintiffs are entitled to relief.

## COUNT V

151.    Intervenor-Defendants incorporate by reference their responses to the preceding Paragraphs.

152.    The allegations in Paragraph 152 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

153.    The allegations in Paragraph 153 quote from and purport to characterize the United States Code, which is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

154.    The allegations in Paragraph 154 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

155.    The allegations in Paragraph 155 are legal conclusions, and Plaintiffs' request for relief, to which no response is required. To the extent a response may be required, Intervenor-Defendants deny the allegations and deny that Plaintiffs are entitled to any relief.

## COUNT VI

156.    Intervenor-Defendants incorporate by reference their responses to the preceding Paragraphs.

157.    The allegations in Paragraph 157 quote from and purport to characterize the United States Code, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

158.    The allegations in Paragraph 158 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

159.    The allegations in Paragraph 159 are legal conclusions, and Plaintiffs' requested relief, to which no response is required. To the extent a response may be required, Intervenor-Defendants deny the allegations and deny that Plaintiffs are entitled to relief.

## COUNT VII

160.    Intervenor-Defendants incorporate by reference their responses to the preceding Paragraphs.

161.    The allegations in Paragraph 161 quote from and purport to characterize the United States Code, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

162.    The allegations of Paragraph 162 are legal conclusions to which no response is required.  To the extent a response may be required, Intervenor-Defendants deny the allegations in Paragraph 162.

163.    The allegations in Paragraph 163 are legal conclusions, and Plaintiffs' request for relief, to which no response is required. To the extent a response may be required, Intervenor-Defendants deny the allegations and deny that Plaintiffs are entitled to relief.

## COUNT VIII

164.    Intervenor-Defendants incorporate by reference their responses to the preceding Paragraphs.

165.    The allegations in Paragraph 165 quote from and purport to characterize the United States Code, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

166.    The allegations in Paragraph 166 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

167.    The allegations in Paragraph 167 are legal conclusions, and Plaintiffs' requested relief, to which no response is required. To the extent a response may be required, Intervenor-Defendants deny the allegations and deny that Plaintiffs are entitled to relief.

## COUNT IX

168.    Intervenor-Defendants incorporate by reference their responses to the preceding Paragraphs.

169.    The allegations in Paragraph 169 quote from and purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

170.    The allegations in Paragraph 170 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

171.    The allegations in Paragraph 171 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

172.    The allegations in Paragraph 172 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.  The citation in Paragraph 172 purports to characterize the contents of a court opinion, which speaks for itself and is the best evidence of its contents. Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context.

173.     Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and therefore deny.

174.     The allegations in Paragraph 174 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.  Intervenor-Defendants deny that Plaintiffs are entitled to relief.

## COUNT X

175.     Intervenor-Defendants incorporate by reference their responses to the preceding Paragraphs.

176.     The allegations of Paragraph 176 are legal conclusions to which no response is required.  Additionally, the allegations in Paragraph 176 quote from and purport to characterize the contents of court opinions, which speak for themselves and are the best evidence of their contents. Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

177.     The allegations in Paragraph 177 are legal conclusions to which no response is required. To the extent a response may be required, Intervenor-Defendants deny.

## GENERAL DENIAL

Intervenor-Defendants deny any allegations of the Complaint, whether express or implied, that are not expressly admitted in this Answer.  Intervenor-Defendants further deny that Plaintiffs are entitled to any relief, including, but not limited to, the relief prayed for in Paragraphs a through g of the Complaint.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs have failed to satisfy conditions precedent to bringing some or all of their claims under applicable law.

2.      Plaintiffs lack standing to bring some or all of their claims.

3.      The Court lacks jurisdiction over some or all of Plaintiffs' claims.

4.      Some or all of Plaintiffs' claims are barred by the statute of limitations.

5.      Some or all of Plaintiffs' claims fail to state a claim for which relief can be granted.

6.      Plaintiffs incorporate by reference all defenses raised by any other Defendants in this case.

WHEREFORE, Intervenor-Defendants respectfully request that the Court dismiss the Complaint with prejudice, enter judgement in favor of Defendants, and grant such further relief as the Court deems just and proper.

Respectfully submitted this 27th day of April, 2021.

 /s/ Corinne Van Dalen
Corinne Van Dalen (LA Bar #21175)
Earthjustice
900 Camp Street, Unit 303
New Orleans, LA 701
T: 415-283-2335  F: 415-217-2040
cvandalen@earthjustice.org

 /s/ Christopher Eaton
Christopher Eaton (*pro hac vice* pending)
Shana E. Emile (*pro hac vice* pending)
Earthjustice
810 Third Avenue, Suite 610
Seattle, WA 98104
T: 206-343-7340  F: 415-217-2040
ceaton@earthjustice.org
semile@earthjustice.org

 /s/ Thomas R. Delahanty
Thomas R. Delahanty (*pro hac vice* pending)
Michael S. Freeman (*pro hac vice* pending)
Earthjustice

 /s/ Joel Waltzer
Joel Waltzer (LA Bar #19268)
Waltzer, Wiygul, and Garside
3201 General De Gaulle Dr., Ste. 200
New Orleans LA, 70114
T: 504-340-6300  F: 504-340-6330
joel@wwglaw.com

 /s/ Robert Wiygul
Robert Wiygul (LA Bar #17411)
Waltzer, Wiygul, and Garside
1011 Iberville Dr.
Ocean Springs, MS 39564
T: 228-872-1125  F: 228-872-1128
robert@wwglaw.com

s/ Brad Sewell
Brad Sewell (*pro hac vice* forthcoming)
Irene Gutierrez (*pro hac vice* forthcoming)
Natural Resources Defense Council
40 W. 20th St., 11th Fl.
New York, NY 10011

633 17th St., Suite 1600
Denver, CO 80202
T: 303-623-9466  F: 720-550-5757
tdelahanty@earthjustice.org
mfreeman@earthjustice.org

 /s/ Erik Grafe
Erik Grafe (*pro hac vice* pending)
Earthjustice
441 W 5th Ave., Suite 301
Anchorage, AK 99501
T: 907-277-2500  F: 907-277-1390
egrafe@earthjustice.org

*Counsel for Intervenor-Defendants Healthy
Gulf, Center for Biological Diversity, Cook
Inletkeeper, Defenders of Wildlife, Friends of
the Earth, Oceana, Sierra Club, and The
Wilderness Society*

T: 212-727-2700
bsewell@nrdc.org
igutierrez@nrdc.org

*Counsel for Intervenor-Defendant Natural
Resources Defense Council*