UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**STATE OF LOUISIANA ET AL**               **CASE NO. 2:21-CV-00778**

**VERSUS**                                  **JUDGE TERRY A. DOUGHTY**

**JOSEPH R. BIDEN, JR. ET AL**              **MAG. JUDGE KATHLEEN KAY**

## MEMORANDUM ORDER

The issue before this Court is whether Healthy Gulf, et al ("Conservation Groups")[1], are entitled to file an intervention of right or a permissive intervention in this proceeding pursuant to Rule 24 of the Federal Rules of Civil Procedure. A Motion to Intervene [Doc. No. 73] was filed by Conservation Groups on April 27, 2021. An Opposition [Doc. No. 96] to Conservation Groups' Motion to Intervene was filed by the State of Louisiana, et al (hereinafter "Plaintiff States")[2] on May 4, 2021. A Reply [Doc. No. 107] was filed by Conservation Groups on May 6, 2021.

For the reasons set forth herein, Conservation Groups' Motion to Intervene [Doc. No. 73] is DENIED.

**I.   BACKGROUND**

On March 24, 2021, Plaintiff States filed a Complaint [Doc. No. 1] against Government Defendants[3] asking for declaratory and injunctive relief in regard to Section 208 of Executive

---

[1] Conservation Groups consist of Healthy Gulf, Center for Biological Diversity, Cook Inletkeeper, Defenders of Wildlife, Friends of the Earth, Natural Resources Defense Council, Oceana, Sierra Club and The Wilderness Society.

[2] The Plaintiff States consist of the States of Louisiana, Alabama, Alaska, Arkansas, Georgia, Mississippi, Missouri, Montana, Nebraska, Oklahoma, Texas, Utah, and West Virginia.

[3] Government Defendants consist of Joseph R. Biden, Jr. in his official capacity as President of the United States; Deb Haaland, in her official capacity as Secretary of the Interior; Michael Nedd, in his official capacity as Deputy Director of the Bureau of Land Management; Chad Padgett, in his official capacity as Director of the Bureau of Land Management Alaska Office; Raymond Suazo, in his official capacity as Director for the Bureau of Land Management Arizona Office; Karen Mouristen, in her official capacity as Director for the Bureau of Land Management California Office; Jamie Connell, in his official capacity as Director for the Bureau of Land Management Colorado Office; Mitchell Leverette, in his official capacity as Director for the Bureau of Land Management Eastern States Office; John Ruhs, in his official capacity as Director for the Bureau of Land

Order No. 14008, which ordered the Secretary of the Interior to pause new oil and gas leases on public lands or in offshore waters pending completion of a comprehensive review and reconsideration of Federal oil and gas leasing permitting and leasing practices.  This allegedly resulted in the halting of oil and gas lease sales in violation of the United States Constitution, the Administrative Procedures Act, ("APA"), the Outer Continental Shelf Lands Act ("OCSLA"), and the Mineral Leasing Act ("MLA").

A Motion for Preliminary Injunction [Doc. No. 3] was filed by Plaintiff States on March 31, 2021, requesting a preliminary injunction requiring the Government Defendants to continue holding OCSLA and MLA oil and gas leasing sales in accordance with applicable law.

 A Notice of Appearance [Doc. No. 70] was filed by the Government Defendants on April 27, 2021.  Said Government Defendants filed a Motion to Transfer Case, or Alternatively, Motion to Sever and Transfer Counts V-VIII [Doc. No. 71].

On April 27, 2021, the pending Motion to Intervene [Doc. No. 73] was filed by Conservation Groups, seeking to intervene in the present proceeding.

## II. LAW AND ANALYSIS

### A. Intervention of Right

**Federal Rule of Civil Procedure, Rule 24(a) states:**

> (a) Intervention of Right.  On timely motion, the court must permit anyone to intervene who:

---

Management Idaho Office; John Mehlhoff, in his official capacity as Director for the Bureau of Land Management Montana – Dakotas Office; Jon Raby, in his official capacity as Director for the Bureau of Land Management Nevada Office; Steve Wells, in his official capacity as Director for the Bureau of Land Management New Mexico Office; Barry Bushue, in his official capacity as Director for the Bureau of Land Management Oregon-Washington Office; Greg Sheehan, in his official capacity as Director for the Bureau of Land Management Utah Office; Kim Liebhauser, in her official capacity as Director for the Bureau of Land Management Wyoming Office; Amanda Lefton, in her official capacity as Director of the Bureau of Ocean Energy Management; Michael Celata, in his official capacity as Regional Director of the Bureau of Ocean Energy Management Gulf of Mexico Office; Lars Herbst, in his official capacity as Regional Director of Bureau of Safety and Environmental Enforcement Gulf of Mexico OCS Office; and Mark Fesmire, in his official capacity as Regional Director of the Bureau of Safety and Environmental Enforcement Alaska and Pacific Office.

> (1) is given an unconditional right to intervene by federal statute: or (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

To obtain intervention as of right, an intervenor must satisfy a four prong test: (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit. All four of these requirements must be met to be allowed intervention of right. *Texas v. United States,* 805 F. 3d 653, 657 (5th Cir. 1996).

Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed. Federal courts should allow intervention when no one would be hurt, and the greater justice could be attained. *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage*, 834 F. 3d 562 (5th Cir. 2016).

The primary focus in this ruling is the fourth prong of the test – whether the applicant's interest is inadequately represented by the existing parties in the suit. However, all four prongs will be addressed since all are required for an intervention of right.

**1. Timeliness**

Prong one requires the motion to be timely. The timeliness inquiry is contextual; absolute measures of timeliness should be ignored. Timeliness is not limited to chronological considerations but is to be determined from all the circumstances. *Wal-Mart Stores, Inc.,* 834 F. 3d at 565.

Conservation Groups' Motion to Intervene is timely. The Complaint [Doc. No. 1] was filed on March 24, 2021. The Motion for Preliminary Injunction [Doc. No. 3] was filed on March 31, 2021. On April 28, 2021, this Court set briefing deadlines [Doc. No. 85]. Conservation Groups' motion was filed prior to the briefing deadlines.

### 2. Interest Relating to Subject of the Action

Prong two requires the applicant to have an interest relating to the property or transaction which is the subject of the action. The touchtone of the inquiry is whether the interest alleged is alleged to be "legally protectible". *New Orleans Public Service, Inc. v. United Gas Pipeline Co.*, 732 F. 2d 452, 464 (5th Cir. 1984). An interest is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim. *Texas v. United States*, 805 F. 3d 653, 657 (5th Cir. 2015).

Conservation Groups allege a legally protected interest in protecting the environment in reference to oil and gas leasing practices conducted by the U.S. Department of the Interior.

### 3. Ability to Protect Interest

Prong three requires the applicant to be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest.

The primary issue in this matter is whether Section 208 of the Executive Order No. 14008 and the subsequent "pause" by the Government Defendants is authorized by the United States Constitution, the APA, OCSLA, and the MLA. Arguably, a determination of this issue could impair or impede Conservation Groups' ability to protect that interest.

### 4. Adequate Representation

In its Motion to Intervene, Conservation Groups maintain that its interests may not be adequately represented by existing parties to the litigation, arguing that Conservation Groups have a "difference of objectives." Conservation Groups argue that although the Government Defendants' particular objective is to deny the Plaintiff States' effort to compel lease sales, their ultimate objectives differ in that Conservation Groups' ultimate objectives are focused on ensuring that no new lease sales take place at least until it has had an opportunity to implement an approach to oil and gas development on federal lands and waters that is sufficiently protective of the climate, environment, and public health. Conservation Groups further maintain that some of the Intervenors have an ultimate objective of putting a permanent end to new leasing of federal land and waters.

The Plaintiff States argue that Government Defendants and Conservation Groups have the same "ultimate objective" in this suit, which is to deny these challenges to Section 208 Executive Order 14008 and the authority to implement a moratorium on the leasing of public lands and the Outer Continental Shelf for natural resource development. Plaintiff States further argue there can only be one "ultimate objective" in this suit, not several "ultimate objectives." Plaintiff States maintain that because the ultimate objective of both Conservation Groups and Government Defendants is the same, there is a presumption of adequacy that Conservation Groups are unable to overcome.

The burden of establishing inadequate representation is on the applicant for intervention (Conservation Groups). The applicant for intervention need not show that the representation by existing parties will be, for certain, inadequate. Instead, inadequacy is satisfied if the applicant shows that the representation of applicant's interest "may be" inadequate. Although the

applicant for intervention's burden is "minimal," it cannot be treated as so minimal as to write the requirement completely out of the rule. *Edwards v. City of Houston*, 78 F. 3d 983, 1005 (5th Cir. 1996).

Additionally, Fifth Circuit jurisprudence has created two presumptions of adequate representation that Conservation Groups must overcome. One presumption arises when the applicant has the "same ultimate objective" as a party to the lawsuit. If the "same ultimate objective" presumption applies, the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption. *Texas v. United States*, 805 F. 3d 653, 661 (5th Cir. 2015); *Edwards v. City of Houston, Id* at 1005; and *Bush v. Viterna*, 740 F. 2d 350, 354 (5th Cir. 1984).

This Court believes the Government Defendants and Conservation Groups have the "same ultimate objective" and Conservation Groups have not overcome the presumption of adequacy. Despite Conservation Groups' different objectives, this lawsuit is not about implementing an approach to oil and gas development on federal lands and waters that is sufficiently protective of the climate, environment, or public health. This case is also not about whether to permanently end new leasing of federal land and waters.

This case is about whether the Government Defendants had the constitutional and/or statutory authority to pause new oil and gas leases on public lands or in offshore waters pending completion of a comprehensive review and reconsideration. Only Section 208 of Executive Order No. 14008 is being attacked. Other parts of Executive Order No. 14008[4] are not at issue.

There can only be one "same ultimate objective." Had the Court desired to make it more than one ultimate objective, it would have added an "s" to objective. Additionally, the "same

---

[4] Entitled "Tackling the Climate Crisis at Home and Abroad."

ultimate objective" must be specific to this lawsuit. *Kneeland v. National Collegiate Athletic Association*, 806 F.2d 1285, 1288 (5th Cir. 1987). This specific lawsuit is about constitutional and statutory authority, not about climate policy.

Since the "same ultimate objective" of the Government Defendants and the Conservation Groups is the same, a presumption of adequacy applies that the Conservation Groups have been unable to rebut.

For the above reasons, the Conservation Groups' Motion to Intervene as an intervention of right is DENIED.

**B.     Permissive Intervention**

Federal Rule of Civil Procedure, Rule 24(b) states:

> "(b) Permissive Intervention
> (1) In General.  On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact."

District Courts have broad discretion in allowing intervention. *Trans Chemical Ltd. V. China National Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 824 (5th Cir. 2003). The denial of a request for permissive intervention may be denied when an existing party adequately represents the proposed intervenors. *Hopwood v. State of Texas*, 21 F.3d 603, 606 (5th Cir. 1994). As previously discussed, the Government Defendants adequately represent Conservation Groups' ultimate objective.

Additionally, Conservation Groups are advocating for positions not at issue in this proceeding. Their positions include implementing an approach to oil and gas leasing that will

protect the environment, climate, and public health and/or for permanently ending new oil and gas leasing of federal land and waters.[5]

To allow Conservation Groups to intervene could expand the case to issues not before this Court, and it is not necessary to decide those legal issues.  This Court intends only to address the constitutional and statutory authority issues in this lawsuit, not climate policy.

For these reasons, Conservation Groups' Motion to Intervene by permissive intervention is also DENIED.

### C.    Amicus Curiae

Conservation Groups may have expertise in the issues in this proceeding.  This Court invites Conservation Groups to request amicus curiae status in this case and to file briefs addressing the constitutional and statutory authority issues.

### III.    CONCLUSION

For the reasons set forth herein, IT IS ORDERED that the Motion to Intervene [Doc. No. 73] filed by Conservation Groups is DENIED.

MONROE, LOUISIANA, this 10th day of May, 2021.

TERRY A. DOUGHTY<br>
UNITED STATES DISTRICT JUDGE

---

[5] According to Conservation Groups' arguments for intervention of right.