# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE STATE OF LOUISIANA, By and through its Attorney General, JEFF LANDRY, et al., <br> PLAINTIFFS, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States; et al., <br> DEFENDANTS. | CIVIL ACTION NO. 2:21-cv-778-TAD-KK |

## Request for Judicial Notice

Plaintiff States respectfully request this Court take judicial notice of materials relevant to Defendants' Motion to Dismiss.[1]

On July 27, 2021, Secretary of the Interior Deb Haaland testified before the Senate Committee on Energy and Natural Resources.[2] At the hearing, the Secretary admitted that "the Pause is still in place." *See* Ex. A, 1:00:23. The Secretary also admitted that "the pause that you're referring to, that President Biden ordered in his executive order, is, I suppose it's in effect." *See* Ex. A., 59:43. Upon being asked "[w]hat action has the department taken to be in compliance with the judge's ruling" and whether "there has been any decisions to reinstate leases, lease sales" and "specifically ... lease sale 257," the Secretary refused to give an answer. *See* Ex. A, 1:01:01-11.[3]

These statements directly contradict Defendants' key argument that there is not "a single discrete agency action tantamount to a program-wide moratorium." Doc. 128-1, at 20. Indeed,

---

[1] Plaintiff States have conferred with Defendants via email and provided Defendants with a draft of this request. Defendants responded that they "have not yet formulated a position on Plaintiff's motion for judicial notice and reserve the right to respond to that motion within the time allowed under the local rules."

[2] https://youtube/rCaE4XdwgGw

[3] Contemporaneous with filing this Motion, Plaintiff States have mailed to the Court a DVD containing this testimony along with a Notice of Manual Attachment.

Defendants repeat this assertion throughout their Motion. *See id.* at 11 ("The Order does not unilaterally impose any such moratorium."); *id.* at 19 ("none of those actions purports to constitute an across-the-board moratorium on lease sales"); *id.* at 21 ("Like the 'so-called 'land withdrawal review program' in Lujan, the term 'moratoriums' 'is not derived from any authoritative text' from the agency but 'is simply the name by which [Plaintiffs] have occasionally referred to the continuing (and thus constantly changing) operations of the BLM' and BOEM in evaluating oil and gas lease sales."); *id.* at 22 ("In sum, Plaintiffs' challenges to the so-called moratoriums are not cognizable under the APA and must be dismissed, because 'the term action as used in the APA is a term of art that does not include all conduct such as, for example, . . . operating a program.'").

Federal Rule of Evidence 201 allows the Court to take judicial notice of Secretary Haaland's statements because they "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). "[T]he movant must identify the fact to be noticed, the purpose and relevance of that fact, and 'the source of 'indisputable accuracy' for a fact that can be 'accurately and readily determined' under Rule 201(b)(2)." *Luv n' care, Ltd. v. Jackel Int'l Ltd.*, 502 F. Supp. 3d 1106, 1108 (W.D. La. 2020). The fact to be noticed is Secretary Haaland's statement that a Pause is in effect and that it was ordered by President Biden. This fact is relevant because it contradicts Defendants' previous assertions that no Pause exists. The fact that these statements were uttered by the Secretary under oath is indisputably attested to by the video footage taken by the United States Senate. Accordingly, the Court should take judicial notice of these statements in considering Defendants' Motion to Dismiss. *See id.* at 1009 (noting courts "may take judicial notice of certain matters when considering a motion to dismiss").

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 4, 2021 | /s/ Joseph S. St. John |
| TYLER R. GREEN | JEFF LANDRY |
| DANIEL SHAPIRO | Attorney General |
| CONSOVOY MCCARTHY PLLC | ELIZABETH B. MURRILL |
| 222 S. Main Street, 5th Floor |   Solicitor General |
| Salt Lake City, UT 84101 | JOSEPH S. ST. JOHN |
| (703) 243-9423 |   Deputy Solicitor General |
|  | BENJAMIN WALLACE |
|  |   Assistant Solicitor General |
|  | LOUISIANA DEPARTMENT OF JUSTICE |
|  | 1885 N. Third Street |
|  | Baton Rouge, LA 70804 |
|  | Tel: (225) 326-6766 |
|  | murrille@ag.louisiana.gov |
|  | stjohnj@ag.louisiana.gov |
|  |  |
|  | *Counsel for Plaintiff States* |

OTHER COUNSEL:

STEVE MARSHALL
   Attorney General of Alabama
Edmund G. LaCour Jr.*
   Solicitor General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130
Tel: (334) 353-2196
Fax: (334) 353-8400
Edmund.LaCourt@AlabamaAg.gov
*Counsel for the State of Alabama*

TREG TAYLOR
  ATTORNEY GENERAL
Ronald W. Opsahl (Colo. Bar No. 35662)*
   Assistant Attorney General
Alaska Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
Fax: (907) 276-3697

Email: ron.opsahl@alaska.gov
*Counsel for the State of Alaska*

LESLIE RUTLEDGE
  Attorney General of Arkansas
Nicholas J. Bronni*
  Solicitor General
Dylan L. Jacobs*
  Assistant Solicitor General
Office of Arkansas Attorney General Leslie Rutledge
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-6302
Nicholas.bronni@arkansasag.gov
*Counsel for the State of Arkansas*

CHRISTOPHER M. CARR
  Attorney General of Georgia
Andrew A. Pinson*
  Solicitor General
Office of the Attorney General
40 Capitol Square SW
Atlanta, Georgia 30334
(404) 458-3409
apinson@law.ga.gov
*Counsel for the State of Georgia*

LYNN FITCH
  Attorney General of Mississippi
Justin Matheny*
  Deputy Solicitor General
State of Mississippi
Office of the Attorney General
P.O. Box 220
Jackson, MS 39205
Tel: (601) 359-3680
*Counsel for the State of Mississippi*

ERIC S. SCHMITT
  Attorney General of Missouri
Justin D. Smith**
  Deputy Attorney General for Special Litigation

Jeff P. Johnson**
Michael E. Talent**
D. John Sauer*
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel: (573) 751-0304
Fax: (573) 751-0774
Justin.Smith@ago.mo.gov
John.Sauer@ago.mo.gov
*Counsel for the State of Missouri*

AUSTIN KNUDSEN
  Attorney General of Montana
David M.S. Dewhirst*
  Solicitor General
Montana Attorney General's Office
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
406.444.4145
david.dewhirst@mt.gov
*Counsel for the State of Montana*

DOUGLAS J. PETERSON
  Attorney General of Nebraska
James A. Campbell*
  Solicitor General
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
(402) 471-2682
jim.campbell@nebraska.gov
*Counsel for the State of Nebraska*

MIKE HUNTER
  Attorney General of Oklahoma
Mithun Mansinghani*
  Solicitor General
Bryan Cleveland**
  Assistant Solicitor General
Oklahoma Office of Attorney General
313 N.E. 21ST Street
Oklahoma City, OK 73105
Phone: (405) 522-4392
mithun.mansinghani@oag.ok.gov
*Counsel for the State of Oklahoma*

KEN PAXTON
  Attorney General of Texas
Brent Webster**
  First Assistant Attorney General
Judd E. Stone II*
  Solicitor General
Patrick Sweeten**
  Deputy Attorney General
Office of the Attorney General
P.O. Box 12548 (MC 009)
Austin, Texas 78711-2548
Tel.: (512) 463-4139
Fax: (512) 474-2697
Patrick.Sweeten@oag.texas.gov
Judd.Stone@oag.texas.gov
*Counsel for the State of Texas*

SEAN D. REYES
  Attorney General of Utah
Melissa A. Holyoak*
 Solicitor General
Utah Attorney General's Office
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
385.271.2484
melissaholyoak@agutah.gov
*Counsel for the State of Utah*

PATRICK MORRISEY
  West Virginia Attorney General
Lindsay S. See*
  Solicitor General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
(304) 558-2021
Lindsay.s.see@wvago.gov
*Counsel for the State of West Virginia*

*Admitted Pro Hac Vice*
**Motion for Pro Hac Vice admission forthcoming*