**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA**

THE STATE OF LOUISIANA,
By and through its Attorney General, JEFF
LANDRY, et al.,

PLAINTIFFS,

v.

JOSEPH R. BIDEN, JR., in his official capacity
as President of the United States; et al.,

DEFENDANTS.

CIVIL ACTION NO. 2:21-cv-778-TAD-KK

---

## MEMORANDUM IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE AND TO COMPEL COMPLIANCE WITH PRELIMINARY INJUNCTION

"Courts for centuries have possessed the inherent power to enforce their lawful decrees through the use of coercive sanctions in civil contempt proceedings." *Scott v. Hunt Oil Co.*, 398 F.2d 810, 811 (5th Cir. 1968); see also *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("[T]he underlying concern that gave rise to the contempt power ... was disobedience to the orders of the Judiciary."). To establish a prima facie case of contempt, Plaintiff States must show by clear and convincing evidence "(1) That a court order is in effect; (2) That the order prescribes or requires certain conduct by the respondent; and (3) That respondent has performed an act or failed to perform an act in violation of the court's order." *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 583 F. Supp. 115, 119 (W.D. La. 1984). Plaintiff States "need not show that the violation was willful." *Id.*

The first and second elements cannot be contested here. Defendants have violated the Court's June 15 Order by their continued application of the Pause to refuse to hold new onshore lease sales or Lease Sale 257. Every day that passes without compliance irreparably harms Plaintiff States. Accordingly, this Court should order Defendants to show cause as to why they should not be held in contempt for violating the preliminary injunction. It also should order Defendants to comply with the law and this Court's injunction by holding Lease Sale 257.

I.     **Defendants Have Violated This Court's Preliminary Injunction.**

More than seven weeks ago, after a hearing, this Court granted Plaintiff States' motion for a preliminary injunction. The Court's Order "enjoined and restrained" Defendants "from implementing the Pause of new oil and gas leases on public lands or in offshore waters as set forth in Section 208, Executive Order 14008, 86 Fed. Reg. 7619, 7624-25 (Jan. 27, 2021) and as set forth in all documents implementing the terms of said Executive Order by said defendants, as to all eligible lands." Doc. 140. The Court further ordered that Defendants "shall be enjoined and restrained from implementing said Pause with respect to Lease Sale 257, Lease Sale 258 and to all eligible onshore properties." *Id.* Finally, the Court ordered that "the scope of th[e] injunction shall be nationwide." *Id.*

BOEM has taken no action whatsoever to hold Lease Sale 257. Instead, it has focused on wind-related projects that are not mandated by the Five Year Plan, OCSLA, or this Court's Order. For instance, on June 17, the Bureau of Ocean Energy Management (BOEM) opened a public comment period and environment review for a wind project offshore New York and New Jersey. *See* Shapiro Decl. Ex. 9. On June 28, BOEM opened an environmental review regarding a wind project offshore Rhode Island and Massachusetts. *See* Shapiro Decl. Ex. 10. On July 2, BOEM opened a public comment period for an environmental impact statement regarding a wind project offshore Virginia Beach. *See* Shapiro Decl. Ex. 3. On July 29, BOEM opened a public comment period for industry input on wind power development offshore California. *See* Shapiro Decl. Ex. 4. On July 29, BOEM issued a notice of intent to prepare an environmental impact statement for a wind project offshore North Carolina. *See* Shapiro Decl. Ex. 11. BOEM has taken no action, however, to implement Lease Sale 257 or any other oil and gas lease sale under the Five Year Plan.

Defendants' noncompliance with the Court's order has recently been made plain by public testimony before Congress. On July 27, 2021,[1] Secretary of the Interior Deb Haaland testified before the Senate Committee on Energy and Natural Resources. At the hearing, the Secretary admitted that "the Pause is still in place." *See* DVD (Doc. 148-1) at 1:00:23. The Secretary also admitted that "the pause that you're referring to, that President Biden ordered in his executive order, is, I suppose it's in effect." *See id.* at 59:43.[2] Upon being asked "[w]hat action has the department taken to be in compliance with the judge's ruling" and whether "there has been any decisions to reinstate leases, lease sales" and "specifically ... lease sale 257," the Secretary refused to give an answer. *See id.* at 1:01-11.[3]

These actions—or inactions—clearly violate this Court's Order and holding. "A party's compliance with a court order cannot be avoided by 'a literal or hypertechnical reading of an order', for it is 'the spirit and purpose of the injunction, not merely its precise words, that must be obeyed.'" *NASCO, Inc.*, 583 F. Supp. at 120. The Court ordered that Defendants are "enjoined and restrained from implementing said Pause with respect to Lease Sale 257." Doc. 140. Yet the Pause is still very much in effect with respect to Lease Sale 257. And it is still in effect despite this Court's specific finding that there is "no explanation for the postponement of Lease Sale 257 other than reliance on Executive Order 14008," which "itself provides no rationale from departing from OCSLA." Doc.

---

[1] Plaintiff States have submitted this testimony with their Request for Judicial Notice, Doc. 148. The testimony can be found at https://www.youtube.com/watch?v=-Mz1XWLawFE.

[2] These admissions render incoherent the Secretary's repeated protestations that the Department is complying with the Court's Order. *Cf. NASCO, Inc.*, 583 F. Supp. at 120 ("[R]espondents' conduct flies in the face of their bold assertion of good faith to achieve substantial compliance with our Order."); *see also Taggart v. Lorenzen*, 139 S. Ct. 1795, 1802 (2019) ("[A] party's subjective belief that she was complying with an order ordinarily will not insulate her from civil contempt if that belief was objectively unreasonable."); *Lelsz v. Kavanagh*, 673 F. Supp. 828, 839 (N.D. Tex. 1987) ("Good faith in attempting compliance is not sufficient to avoid contempt; there is no intent requirement.").

[3] The Department's recently published Semiannual Regulatory Agenda further demonstrates its non-compliance. The Agenda contains no reference to any progress or plans to start progress on the next OCSLA Five Year Plan. Not only are Lease Sales 257 and 258 under threat, the entire notion of oil and gas lease sales on the Gulf of Mexico are in doubt.

139 at 34-35. Moreover, the Court specifically held that "the Government Defendants were legally required to go through with the sale of Lease Sale 257" and have unreasonably and unlawfully delayed this agency action. Doc. 139 at 38-39.

Defendants have acted as if this Court's findings, conclusions of law, and compulsory order do not exist. They have taken no actions to reinstitute Lease Sale 257; they have not, for instance, revoked the Recission of the Record of Decision or published the Final Notice of Sale. Neither step would require vast work or resources—both documents already exist. Once these steps were taken, BOEM would need to hold the Lease Sale—an action it is more than capable of executing. It has not done so and thus has violated this Court's clear order, and remains in violation of OCSLA and the Administrative Procedure Act. *See NASCO, Inc.*, 583 F. Supp. at 120 (party must be "reasonably diligent and energetic in attempting to accomplish what was ordered"); *see also Calvillo Manriquez v. Devos*, 411 F. Supp. 3d 535, 539 (N.D. Cal. 2019) (finding contempt because "Defendants' attempt to comply with the preliminary injunction consisted of a single email to each service provider and partial confirmation of receipt of those emails" rather than "the normal actions one would expect from an entity facing a binding court order: multiple in-person meetings or telephone calls to explain the preliminary injunction and to confirm that the contractors were complying with the preliminary injunction").[4]

---

[4] This situation is distinguishable from the finding of no contempt in *Hornbeck*. *See Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787 (5th Cir. 2013). That contempt proceeding involved the implementation of a *new* moratorium rather than the continuation of the enjoined moratorium. *Id.* at 793-95. And the Court there never held that the moratorium violated OCSLA—a start contrast to this Court's conclusion in the Preliminary Injunction. *Compare id.* at 795 ("Hornbeck's complaint also asserted that a six-month moratorium on all drilling exceeded the authority delegated to Interior under the Outer Continental Shelf Act. The court never reached that issue. *Had the May Directive been enjoined on that basis, this would be a very different case.* Instead, the sole justification for the preliminary injunction that did issue as to the first Directive was a procedural failure to explain.") (emphasis added), *with* Doc. 139 at 5 ("[S]ince OCSLA does not grant specific authority to a President to 'Pause' offshore oil and gas leases, the power to 'Pause' lies solely with Congress. Therefore, Plaintiff States have made a showing that there is a substantial likelihood that President Biden exceeded his powers in Section 208 of Executive Order 14008."), *and id.* at 33 ("By pausing the leasing, the

## II.    Defendants Have No Valid Defenses to Their Failure to Comply.

Because Plaintiff States have established a prima facie case of contempt, "the burden falls upon [Defendants] to assert defenses or mitigating circumstances that might cause the court to withhold the exercise of its contempt power." *NASCO, Inc.*, 583 F. Supp. at 119. Defendants have no defense. As noted above, they have ample resources to conduct other activities such as wind project environmental impact statements and comment periods. No new record of decision, lease terms, or notice of sale would have to be prepared—those documents already exist. *See* Doc. 135-1 (Lease Sale 257 ROD); Doc. 135-8 (Lease Sale 257 Lease Stipulations); Doc. 139 at 29 ("[O]n January 20, 2021, (the day President Biden was sworn in), Walter Cruickshank sent an email to Loren Thompson [Doc. No.121, PR 17], in which he stated they had received instructions to withdraw any notices that were pending at the Federal Register, which included the Final Notice of Sale for Lease Sale 257."). All that remains is to hold the Sale itself. *Olivia Y. by & Through Johnson v. Barbour*, No. 3:04CV251TSL-FKB, 2011 WL 13353278, at *1 (S.D. Miss. May 17, 2011) ("'[A] party is in civil contempt if that party fails in meaningful respects to achieve substantial and diligent compliance with a clear and unambiguous decree.'"). Defendants thus fail to carry their burden to show "a present inability to comply with the order or substantial compliance with the order" and can point to no other "mitigating circumstances." *Id.*

Finally, Defendants have not filed a notice of appeal, or sought or received a stay. This Court's Order thus remains fully effective. *Cf. In re Timmons*, 607 F.2d 120, 125 (5th Cir. 1979) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."); *Pasadena City Bd. of Ed. v. Spangler*, 427 U.S. 424, 439 (1976) ("'It is for the court of first instance to determine the question of

---

agencies are in effect amending two Congressional statutes, OCSLA and MLA, which they do not have the authority to do. Neither OCSLA nor MLA gives the Agency Defendants authority to pause lease sales.").

the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished.'"). There is simply no excuse for Defendants' brazen noncompliance with this Court's Order. *NASCO, Inc.*, 583 F. Supp. at 120 ("Our Order must be obeyed and cannot be ignored unless it is withdrawn or vacated."); *Olivia Y. by & Through Johnson*, 2011 WL 13353278, at *1 ("Contempt proceedings begin with 'the basic proposition that all orders and judgments of courts must be complied with promptly.'").

### III.    This Court Should Compel Compliance With Its Injunction.

"Upon a finding of contempt, the district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005). In issuing its preliminary injunction, the Court did not need to "anticipate every action to be taken in response to its order, nor spell out in detail the means in which its order must be effectuated." *Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, 2007 WL 1643211, at *6 (S.D. Tex. June 4, 2007). But Defendants' flat refusal to implement the Court's Order confirms that direct instructions are in order to restart the statutorily mandated oil and gas leasing program. Accordingly, an appropriately tailored sanction would be a further order compelling compliance with the June 15 Order and providing specific directions to Defendants. Such directives are particularly necessary given the ongoing irreparable harm suffered by Plaintiff States each day Defendants refuse to hold Lease Sale 257.  Doc. 139 at 18 ("Just the cancellation of Lease Sale 257 itself has had immediate impact due to loss of bonus payments and ground rents.").[5]

---

[5] Such relief is also necessary in light of the pending related litigation in Wyoming. The Court there has dismissed the preliminary injunction motions as moot in reliance on this Court's injunction. *See* Doc. 71 at 2, *Western Energy Alliance v. Biden*, No. 0:21-cv-13 (W.D. Wyo. June 30, 2021). Defendants' refusal to implement this Court's Order thus harms both Plaintiff States and the plaintiffs in *Western Energy Alliance*.

Accordingly, the Court should order Defendants to do the following. *First*, revoke the Recission of the Lease Sale 257 Record of Decision. *Second*, publish the Final Notice of Sale within seven days. *Third*, hold Lease Sale 257 within forty-five days after publication of the Final Notice of Sale. *Fourth*, provide weekly status reports affirming their compliance with these deadlines.

Such relief is in line with federal judicial practice. *See, e.g.*, *Laflamme v. New Horizons, Inc.*, 605 F. Supp. 2d 378, 399 (D. Conn. 2009) ("Lest there be any doubt about the effect of this previous ruling, the Court grants OPA's motion and orders Defendants to comply with the terms of this injunction."); *Nat'l Urb. League v. Ross*, 491 F. Supp. 3d 572, 584 (N.D. Cal. 2020); *Calvillo Manriquez v. Devos*, 411 F. Supp. 3d 535, 540 (N.D. Cal. 2019); *Bd. of Trustees of Bay Area Roofers Health & Welfare Tr. Fund v. Westech Roofing*, 2011 WL 5403453, at *5 (N.D. Cal. Nov. 8, 2011); *see also Int'l Ladies' Garment Workers' Union v. Donovan*, 733 F.2d 920, 922 (D.C. Cir. 1984) (a "request for enforcement of the court's mandate [implicates] … the interest of the judicial branch in seeing that an unambiguous mandate is not blatantly disregarded by parties to a court proceeding … that the District Court certainly was empowered to protect" particularly "where an administrative agency plainly neglects the terms of a mandate" and "has simply reimplemented precisely the same rule that this court vacated as 'arbitrary and capricious' in its first decision"). Accordingly, this Court should order Defendants to comply with their unambiguous existing statutory and regulatory mandates by holding Lease Sale 257. *See NASCO, Inc.*, 583 F. Supp. at 121 ("[R]espondents have not been diligent in attempting to comply with our Order, and their assertion of good faith is not borne out by their conduct thus far. Absent extraordinary circumstances, we cannot refuse to preserve rights under our Order.").

**Conclusion**

For the foregoing reasons, the Court should grant Plaintiff States' Motion, order Defendants to show cause why they should not be held in contempt, and Order their compliance with the June 15 Order by promptly holding Lease Sale 257.

Dated: August 9, 2021

TYLER R. GREEN
DANIEL SHAPIRO
CONSOVOY MCCARTHY PLLC
222 S. Main Street, 5th Floor
Salt Lake City, UT 84101
(703) 243-9423

OTHER COUNSEL:

STEVE MARSHALL
  Attorney General of Alabama
Edmund G. LaCour Jr.*
  Solicitor General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36130
Tel: (334) 353-2196
Fax: (334) 353-8400
Edmund.LaCourt@AlabamaAg.gov
*Counsel for the State of Alabama*

TREG TAYLOR
  ATTORNEY GENERAL
Ronald W. Opsahl (Colo. Bar No. 35662)
  Assistant Attorney General
Alaska Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
Fax: (907) 276-3697
Email: ron.opsahl@alaska.gov
*Counsel for the State of Alaska*

Respectfully submitted,

**JEFF LANDRY**
  **Attorney General**

  */s/ Elizabeth B. Murrill*

ELIZABETH B. MURRILL
  Solicitor General
JOSEPH S. ST. JOHN
  Deputy Solicitor General
BENJAMIN WALLACE
  Assistant Solicitor General
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, LA 70804
Tel: (225) 326-6766
emurrill@ag.louisiana.gov
stjohnj@ag.louisiana.gov

*Counsel for Plaintiff States*

LESLIE RUTLEDGE
   Attorney General of Arkansas
Nicholas J. Bronni*
   Solicitor General
Dylan L. Jacobs*
   Assistant Solicitor General
Office of Arkansas Attorney General Leslie
Rutledge
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-6302
Nicholas.bronni@arkansasag.gov
*Counsel for the State of Arkansas*

CHRISTOPHER M. CARR
   Attorney General of Georgia
Andrew A. Pinson*
   Solicitor General
Office of the Attorney General
40 Capitol Square SW
Atlanta, Georgia 30334
(404) 458-3409
apinson@law.ga.gov
*Counsel for the State of Georgia*

LYNN FITCH
   Attorney General of Mississippi
Krissy C. Nobile*
   Deputy Solicitor General
State of Mississippi
Office of the Attorney General
P.O. Box 220
Jackson, MS 39205
Tel: (601) 359-3680
*Counsel for the State of Mississippi*

ERIC S. SCHMITT
  Attorney General of Missouri
Justin D. Smith*
  Deputy Attorney General for Special
Litigation
Jeff P. Johnson*
Michael E. Talent*
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel: (573) 751-0304
Fax: (573) 751-0774
Justin.Smith@ago.mo.gov
*Counsel for the State of Missouri*

AUSTIN KNUDSEN
  Attorney General of Montana
David M.S. Dewhirst*
  Solicitor General
Montana Attorney General's Office
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
406.444.4145
david.dewhirst@mt.gov
*Counsel for the State of Montana*

DOUGLAS J. PETERSON
  Attorney General of Nebraska
James A. Campbell*
  Solicitor General
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
(402) 471-2682
jim.campbell@nebraska.gov
*Counsel for the State of Nebraska*

MIKE HUNTER
  Attorney General of Oklahoma
Mithun Mansinghani*
  Solicitor General
Bryan Cleveland*
  Assistant Solicitor General
Oklahoma Office of Attorney General
313 N.E. 21ST Street
Oklahoma City, OK 73105
Phone: (405) 522-4392
mithun.mansinghani@oag.ok.gov
*Counsel for the State of Oklahoma*

KEN PAXTON
  Attorney General of Texas
Brent Webster
  First Assistant Attorney General
Judd E. Stone II
  Solicitor General
Patrick Sweeten
  Deputy Attorney General
Office of the Attorney General
P.O. Box 12548 (MC 009)
Austin, Texas 78711-2548
Tel.: (512) 463-4139
Fax: (512) 474-2697
Patrick.Sweeten@oag.texas.gov
Judd.Stone@oag.texas.gov
*Counsel for the State of Texas*

SEAN D. REYES
  Attorney General of Utah
Melissa A. Holyoak*
  Solicitor General
Utah Attorney General's Office
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
385.271.2484
melissaholyoak@agutah.gov
*Counsel for the State of Utah*

PATRICK MORRISEY
  West Virginia Attorney General
Lindsay S. See*
  Solicitor General
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
(304) 558-2021
Lindsay.s.see@wvago.gov
*Counsel for the State of West Virginia*

*\*Admission application forthcoming*