IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE OF LOUISIANA, ET AL.<br><br>    Plaintiffs,<br><br>    v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, ET AL.<br><br>    Defendants. | Case No. 2:21-cv-00778<br><br>Honorable Judge Terry A. Doughty<br><br>Magistrate Judge Kathleen Kay |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**

Defendants respectfully submit this response to Plaintiffs' Request for Judicial Notice (Request), Doc. 148. In that Request, Plaintiffs ask the Court to take judicial notice of testimony by Secretary of the Interior Debra Haaland before the Senate Committee on Energy & Natural Resources that is purportedly relevant to jurisdictional issues in Defendants' Motion to Dismiss, Doc. 128. While Defendants do not oppose the Court taking judicial notice of the fact that the Secretary testified, Defendants do object to the Court taking notice of Plaintiffs' characterization of the content of that testimony and to its relevance.

*First*, Plaintiffs' Request wrongly suggests that testimony from July 27, 2021, is somehow relevant to whether the Court has jurisdiction over the Complaint, which Plaintiffs filed over four months earlier on March 24, 2021. To the contrary, jurisdiction must exist "when the suit was filed." *Davis v. FEC*, 554 U.S. 724, 734 (2008). The testimony is irrelevant because it does not describe agency actions in place on March 24, 2021.

*Second*, the Federal Rules of Evidence make clear that the Court cannot take judicial notice of Plaintiffs' characterization of the Secretary's testimony. Rule 201(b) restricts judicial notice to facts that are "not subject to reasonable dispute." As explained in Defendants'

1

Memorandum in Opposition to Plaintiffs' Motion for Order to Show Cause and Compel Compliance with Preliminary Injunction, Doc. 155, at 6–9 & nn.4–5, Defendants believe that the Plaintiffs have significantly mischaracterized the Secretary's testimony.

In sum, while Defendants do not object to the Court taking judicial notice of the fact of the testimony, Defendants disagree that the testimony has any relevance to the jurisdictional issues in Defendants' Motion to Dismiss or that Plaintiffs' characterization of its content is within the proper scope of the judicial notice rule.

Respectfully submitted this 25th day of August, 2021.

>TODD KIM
>Assistant Attorney General
>Environment & Natural Resources Division
>U.S. Department of Justice
>
>*/s/      Michael S. Sawyer*
>THOMAS W. PORTS, JR.
>MICHAEL S. SAWYER
>Trial Attorneys, Natural Resources Section
>Ben Franklin Station, P.O. Box 7611
>Washington, D.C. 20044-7611
>Telephone:   (202) 305-5492 (Ports)
>             (202) 514-5273 (Sawyer)
>Fax:         (202) 305-0506
>Email:       Thomas.Ports.Jr@usdoj.gov
>             Michael.Sawyer@usdoj.gov
>
>*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 25, 2021, I filed the foregoing document electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ *Michael S. Sawyer*
Michael S. Sawyer