**MINUTES OF STATUS CONFERENCE**
**TERRY A. DOUGHTY**
**U.S. DISTRICT JUDGE**
**September 26, 2021**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **STATE OF LOUISIANA ET AL** | **CASE NO. 2:21-CV-00778** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JOSEPH R BIDEN JR ET AL** | **MAGISTRATE JUDGE KAY** |

A telephone status conference was held in the above referenced matter on September 16, 2021, beginning at 1:30 p.m. Participating on behalf of Plaintiff States were Joseph Scott St. John and Benjamin Williams Wallace. Participating on behalf of the Government Defendants were Michael Sawyer and Thomas Ports Jr. Also participating were Stephanie Turk, Law Clerk; Dennis Stewart, Law Clerk; and Amy Crawford, Deputy Clerk.

The participants discussed Plaintiff States' Motion for Status Conference [Doc. No. 161]. Plaintiff States maintained that the purpose of the Motion was to inform the Court of the suit, *Friends of the Earth v. Haaland*, No. 1:21-cv-02317 (D.D.C) ("new suit"), as well as requesting guidance on how to proceed. Plaintiff States informed the Court that the State of Louisiana moved to intervene in the new suit. Plaintiff States also suggested that the new suit was filed to undermine and interfere with the Court's issuance of the Preliminary Injunction [Doc. No. 140]. Plaintiff States outlined several options, including that the Court enjoin the new suit from being filed or reconsider the Motion to Intervene [Doc. No. 73] filed by the plaintiffs of the new suit.

Government Defendants disagreed that the new suit could cause noncompliance with the Preliminary Injunction. Government Defendants also informed the Court that it is not unusual for lease sales to be challenged on National Environmental Policy Act ("NEPA") grounds, which is

the basis of the new suit. Government Defendants also asserted that the Plaintiff States should be estopped from asking the Court to reconsider the Motion to Intervene [Doc. No. 73] because Plaintiff States originally requested that the Court not allow those parties to intervene [Doc. No. 96].

After discussion, the Court advised that it would take no action with regard to the new suit as it is in another judge's court and because the issues are not the same.

The status conference concluded at 1:50 p.m.

TAD

*TAD*