# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **STATE OF LOUISIANA ET AL** | **CASE NO. 2:21-CV-00778** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JOSEPH R. BIDEN, JR. ET AL** | **MAG. JUDGE KATHLEEN KAY** |

## MEMORANDUM ORDER

Before this Court is a Motion for Limited Extra-Record Discovery to Complete the Administrative Record ("Motion for Limited Extra-Record Discovery") [Doc. No. 174] filed by Plaintiff States.[1]

An Opposition [Doc. No. 178] was filed by Government Defendants[2] on November 1, 2021. A Reply [Doc. No. 179] was filed by Plaintiff States on November 4, 2021.

---

[1] The Plaintiff States consist of the States of Louisiana, Alabama, Alaska, Arkansas, Georgia, Mississippi, Missouri, Montana, Nebraska, Oklahoma, Texas, Utah, and West Virginia.

[2] Government Defendants consist of Joseph R. Biden, Jr. in his official capacity as President of the United States; Deb Haaland, in her official capacity as Secretary of the Interior; Michael Nedd, in his official capacity as Deputy Director of the Bureau of Land Management; Chad Padgett, in his official capacity as Director of the Bureau of Land Management Alaska Office; Raymond Suazo, in his official capacity as Director for the Bureau of Land Management Arizona Office; Karen Mouristen, in her official capacity as Director for the Bureau of Land Management California Office; Jamie Connell, in his official capacity as Director for the Bureau of Land Management Colorado Office; Mitchell Leverette, in his official capacity as Director for the Bureau of Land Management Eastern States Office; John Ruhs, in his official capacity as Director for the Bureau of Land Management Idaho Office; John Mehlhoff, in his official capacity as Director for the Bureau of Land Management Montana – Dakotas Office; Jon Raby, in his official capacity as Director for the Bureau of Land Management Nevada Office; Steve Wells, in his official capacity as Director for the Bureau of Land Management New Mexico Office; Barry Bushue, in his official capacity as Director for the Bureau of Land Management Oregon-Washington Office; Greg Sheehan, in his official capacity as Director for the Bureau of Land Management Utah Office; Kim Liebhauser, in her official capacity as Director for the Bureau of Land Management Wyoming Office; Amanda Lefton, in her official capacity as Director of the Bureau of Ocean Energy Management; Michael Celata, in his official capacity as Regional Director of the Bureau of Ocean Energy Management Gulf of Mexico Office; Lars Herbst, in his official capacity as Regional Director of Bureau of Safety and Environmental Enforcement Gulf of Mexico OCS Office; and Mark Fesmire, in his official capacity as Regional Director of the Bureau of Safety and Environmental Enforcement Alaska and Pacific Office.

Finding the Administrative Record ("AR") INCOMPLETE, IT IS ORDERED that Government Defendants complete the AR in accordance with this ruling within 45 days from the date of this Order. The Court DEFERS ruling on Plaintiff States' Motion for Limited Extra-Record Discovery pending completion of the AR.

## I.     FACTUAL BACKGROUND

On March 24, 2021, Plaintiff States filed a Complaint [Doc. No. 1] against Government Defendants asking for declaratory and injunctive relief as to Section 208 of Executive Order No. 14008, which ordered the Secretary of the Interior to pause new oil and gas leases on public lands or in offshore waters pending completion of a comprehensive review. This allegedly resulted in the halting of new oil and gas leases on public lands and in offshore waters in violation of the United States Constitution, the Administrative Procedures Act ("APA"), the Outer Continental Shelf Lands Act ("OCSLA"), and the Mineral Leasing Act ("MLA").

A Motion for Preliminary Injunction [Doc. No. 3] was filed by Plaintiff States on March 31, 2021. After briefing and a hearing on June 10, 2021, this Court issued an Order [Doc. No. 140] GRANTING the Plaintiff States' Motion for Preliminary Injunction on June 15, 2021.

Thereafter, a briefing schedule [Doc. No. 166] was set regarding the merits of the case. The AR was filed by Government Defendants on October 1, 2021 [Doc. No. 172]. On October 22, 2021, Plaintiff States filed the pending Motion for Limited Extra-Record Discovery.[3]

In the Motion for Limited Extra-Record Discovery, Plaintiff States ask the Court to allow them to submit an attached Request for Production and Interrogatories [Doc. No. 174-2] and to take the oral deposition of Amanda Lefton, Director of Bureau of Ocean Energy Management

---

[3] In accordance with the current briefing schedule, Plaintiff States have 30 days after this pending Motion for Extra-Record Discovery is resolved to file a Motion for Summary Judgment.

("BOEM") and Nada Wolff Culver, Deputy Director of Policy and Programs, Bureau of Land Management ("BLM").

Government Defendants oppose Plaintiff States' Motion, arguing that the AR is complete, that Plaintiff States are attempting to expand the scope of their Complaint, that the request is premature, and that Plaintiff States are not entitled to any discovery beyond what is contained in the AR.

There are discrepancies as to what both parties believe to be the scope of Plaintiff States' Complaint. Defendant States maintain that Plaintiff States' Complaint only covers Lease Sales 257 and 258 under OCSLA and only covers seven onshore actions under the MLA that were set to occur between January and March 24, 2021, the date of filing the Complaint. Defendant States further argue that the Complaint does not encompass any agency actions that occurred after the filing of the Complaint on March 24, 2021.

Government Defendants prepared the AR based upon what they consider to be the scope of the Plaintiff States' Complaint. The Declaration of Walter D. Cruickshank ("Cruickshank") specifically states that the AR filed does not encompass agency actions that occurred after the Complaint was filed on March 24, 2021 [Doc. No. 172-1, ¶ 5].

The Declaration of Merry Gamper ("Gamper") also specifically declares the AR filed does not encompass agency actions that occurred after the Complaint was filed on March 24, 2021, and does not constitute an AR for actions taken on April 21, 2021 regarding second-quarter lease sales [Doc. No. 172-4, ¶ 3].

Plaintiff States argue that the scope of their Complaint not only covers agency actions from January 27, 2021 to March 24, 2021, but it also includes each and every cancellation of each offshore and onshore oil and gas lease sale cancelled in reliance upon Section 208 of

3

Executive Order 14008. Plaintiff States maintain their Complaint clearly challenges a department-wide oil and gas lease-sale moratorium. Because of this, any lease sale that was "paused" in accordance with Section 208 of Executive Order 14008 (even if it occurred after the Complaint was filed) is within the scope of the Complaint.

Therefore, in order to rule on Plaintiff States' Motion for Limited Extra-Record Discovery, it is necessary to determine what agency actions are within the scope of Plaintiff States' Complaint.

### A.    Scope of Plaintiff States' Complaint

In *Center for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267 (D. Colorado April 14, 2010), there was an issue about the scope of what was being challenged. Citing *Entravision Holdings, LLC v. Fed. Communications Commission*, 202 F.3d 311, 313 (D.C. Cir. 2000) the court held that if the petitioner's intent to seek review of a specific order can be "fairly inferred" from the Complaint or other filings, and the defendant is not misled by the mistake, then the actions challenged are within the scope of the Complaint.

Plaintiff States' Complaint clearly addresses Section 208 of Executive Order 14008, which allegedly imposed a moratorium on all oil and natural gas leasing activities on public lands and offshore waters [Doc. No. 1, ¶ 3]. The Complaint asks for Executive Order 14008 to be vacated and enjoined [*Id.*, ¶ 7].

In the paragraphs in Plaintiff States' Complaint discussing the OCSLA, Plaintiff States discuss the 2017-2022 Five-Year Program [*Id.*, ¶¶ 46, 61-64, 73-85]. The postponement/ cancellation of Lease Sale 257 is specifically alleged as is Lease Sale 258 [*Id.*, ¶¶ 65, 86-90]. Nothing is alleged by Plaintiff States as to the future 2023-2027 Five-Year Plan. Lease Sales 257 and 258 are within the scope of the Complaint.

The Complaint also addresses onshore sales under the MLA, alleging the Secretary of the Interior is required to hold lease sales "for each State where eligible lands are available at least quarterly" [*Id.*, ¶ 91]. The Complaint also addresses sales which were to be held in March and April 2021 [*Id.,* ¶ 93], a March 9, 2021 sale through BLM's Nevada State Office [*Id.,* ¶ 94], a March 23, 2021 sale through the BLM Montana-Dakotas State Office [*Id.,* ¶ 95], a March 30, 2021 sale through the BLM Utah State Office [*Id.,* ¶ 96], a March 25, 2021 sale through BLM's Colorado State Office [*Id.,* ¶ 97), a scheduled lease sale pending an April 2021 comment period through BLM's Oklahoma Field Office [*Id.,* ¶ 98], and a scheduled lease sale for over five hundred acres for April, 2021 through BLM's Pecos New Mexico District Office [*Id.,* ¶ 99]. All of these potential lease sales are also within the scope of Plaintiff States' Complaint.

The Complaint further alleges the postponement or cancellation of lease sales scheduled for March 2021, by BLM's Montana-Dakotas Office as to lease sales in Colorado, Montana, Utah, and Wyoming [*Id.,* ¶ 104], the cancellation of a March 2021 sale postponed by BLM's Wyoming Office on February 12, 2021 [*Id.,* ¶ 105], a March 30, 2021 lease sale postponed through BLM's Utah Office on February 12, 2021 [*Id.,* ¶ 106], a March 2021 lease sale postponed by BLM's Colorado Office on February 17, 2021 [*Id.,* ¶ 107], an April 2021 sale postponed on March 4, 2021, by BLM's Oklahoma Field Office [*Id.,* ¶ 108], an April 2021 sale postponed by the BLM's Pecos, New Mexico Division Office on March 4, 2021 [*Id.,* ¶ 109], and a March 2021 lease sale postponed by BLM's Eastern States Office [*Id.,* ¶ 110]. These are also within the scope of Plaintiff States' Complaint.

Paragraph 121 of the Complaint addresses the postponement of a March 30, 2021 lease sale in the State of Utah, in addition to lease sales scheduled for June 8, 2021, September 14,

5

2021, and December 14, 2021. This Court believes these lease sales are also within the scope of Plaintiff States' Complaint.

In Counts I-IV of the Complaint, Plaintiff States allege Government Defendants violated the APA regarding Lease Sale 257, Lease Sale 258, and the remaining lease sales in the OCSLA Five-Year Program. [*Id.*, ¶ 129].

In Counts V-VIII of the Complaint, Plaintiff States allege that Government Defendants violated the APA as to scheduled quarterly sales, proceeding with lease sales in accordance with their previous schedules, and vacating and enjoining the lease moratorium as to MLA sales. [*Id.*, ¶¶ 152, 159, 150, 155, 163, and 167].

In Count IX of the Complaint, Plaintiff States allege a Citizen's Suit under OCSLA for the cancellation of Lease Sales 257 and 258, and request costs, reasonable attorney's fees, and expert witness fees.

Lastly, Count X of Plaintiff States' Complaint alleges that the President of the United States did not have the authority to institute a "Pause" with regard to lease sales under OCSLA and the MLA. Plaintiff States maintain the President's actions in instituting Section 208 of Executive Order 14008 are ultra vires and are beyond his authority.

The prayer asks for a declaratory judgment holding that the cancellation/postponement of the leasing moratoriums under OCSLA and the MLA are invalid and for a permanent injunction ordering Government Defendants to proceed with leasing sales under OCSLA and MLA.

After reviewing the Plaintiff States' Complaint, this Court believes the specific actions/lease sales that are "fairly inferred" from the Complaint would include all pending sales under OCSLA (including Lease Sale 257 and 258), all MLA lease sales that were scheduled on the date of the filing of the Complaint, March 24, 2021, the specific leases that were alleged to

be postponed by Government Defendants in its Complaint, and all lease sales which have been postponed or cancelled, including those that were scheduled after the date of the Complaint. This also includes actions taken on April 21, 2021, regarding second-quarter lease sales.

Based on the contents of the Complaint, it is clear that Plaintiff States are attacking each and every OCSLA and MLA lease sale that was cancelled or postponed following Executive Order 14008. Every cancelled or postponed lease sale under OCSLA and the MLA are within the scope of Plaintiff States' Complaint.

### B.     Completeness of the AR

Next, the Court will address the issue of whether the AR filed by Government Defendants is complete. The "whole" or "complete" administrative record includes all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's decision. *Williams v. Roche*, 2002 WL 31819158 (E.D. La. December 12, 2012); *Exxon Corp. v. Dept. of Energy*, 91 F.R.D. 26 (N.D. Texas 1981); and *Coastal Conservation Association v. Gutierrez*, 2006 WL 8445127 (S.D. Texas February 17, 2006).

Meaningful judicial review requires an agency to disclose the basis of its action. *Department of Commerce v. New York*, 139 S.Ct. 2551, 2573 (2019). It does not permit an agency to obscure the actual bases for its conduct. Agencies must offer genuine justifications, including "unwritten justifications*." In re DeVos*, 2021 WL 2000277 at 6 (N.D. Cal. May 17, 2021).

Limited discovery may be permitted when it appears the agency relied on substantial materials not included in the record, or when the procedures used and factors considered by the

decisionmaker requires further explanation for effective review. *Williams*, 2002 WL 31819158 at 3 (E.D. La. December 12, 2002).

If a court is never willing to scrutinize agency action, the gates become a cement wall, impervious even to legitimate claims of improper influence. *Sokaogon Chippewa Community v. Babbitt*, 961 F.Supp. 1276 (W.D. Wisconsin, March 19, 1997).

The AR submitted by Government Defendants is INCOMPLETE. This Court will address specific categories of items which must be filed in the AR to assure the "whole" AR is before this Court.

### 1. Sales Scheduled After March 24, 2021

As addressed previously, the scope of the Complaint includes all lease sales scheduled under the OCSLA Five-Year Program for 2017-2022, which includes Lease Sale 257 and Lease Sale 258. Additionally, the scope of the Complaint includes all MLA lease sales that were scheduled on the date of the filing of Plaintiff States' Complaint, includes the specific lease sales which were alleged by Plaintiff States to be postponed in Paragraphs 93-110 of the Complaint, and includes all MLA lease sales postponed or cancelled after Executive Order 14008. This also includes actions taken on April 21, 2021, regarding second-quarter lease sales.

The Government Defendants are ORDERED to complete the AR by including all documents and materials directly or indirectly considered by agency decisionmakers, as to the above-described lease sales, as herein directed, including evidence contrary to the agency's decision within 45 days from date of this Order.

### 2. White House Documents and Materials

Government Defendants maintain that it is not a requirement to produce and file into the AR documents and materials indicating White House involvement, arguing that "the President is

not an agency whose actions can be reviewed under the APA" [Doc. No. 178, p.17]. The President is not an agency, but the Department of the Interior ("Interior"), the BLM, the BOEM and the Bureau of Safety and Environmental Enforcement ("BSEE") are agencies. Any documents and materials directly or indirectly considered by these government agencies, including documents and materials from the White House, are subject to judicial review and are to be filed in the AR. This is especially true in this case because the primary issue involves the implementation of Section 208 of Presidential Executive Order 14008. This would include correspondence, text messages, phone calls and other means of communication, and a January 27, 2021 Fact Sheet prepared by the White House, if such items were directly or indirectly relied on by said agencies. This would also include the "comprehensive review" discussed in Section 208 of Executive Order 14008.

### 3. Documents and Materials from Environmental Groups

Environmental Groups have been indirectly involved in this matter since shortly after the Complaint was filed [Doc. No. 73, Motion to Intervene]. As both parties are aware, after Lease Sale 257 was being reset, several environmental groups filed a Complaint (in another court) to halt Lease Sale 257 based upon alleged environmental issues. It is important in this case for this Court to review those items in order to determine whether there was improper influence, whether there was collusion, and/or whether the postponement or cancellation of these Lease Sales are pretextual. Therefore, the Government Defendants are required to produce all documents and materials directly or indirectly considered by agency decisionmakers, including documents, materials, correspondence, text messages, phone calls, and other means of communication. These groups include, but are not limited to, Healthy Gulf, Center for Biological Diversity, Cook

Inletkeeper, Defenders of Wildlife, Friends of the Earth, Oceana, The Sierra Club, The Wilderness Society, and Natural Resources Defense Council.

### 4. The Next OCSLA Five-Year Plan

The Five-Year Plan at issue is the 2017-2022 Plan. As discussed herein, the scope of the Complaint does not include the future 2023-2027 Five-Year Plan. Therefore, Government Defendants are not required to file documents related to the future 2023-2027 Five-Year Plan into the AR.

### C. Extra-Record Discovery

When the AR is incomplete, ordering extra-record discovery is premature. *Department of Commerce v. New York*, 139 S.Ct. 2551, 2574 (2019). Until there is a "complete" administrative record, the Court is not in a position to evaluate whether an exception to the APA's record-review requirement applies. *Chayapathy v. Renaud*, 2021 WL 1561407 at 3 (N.D. Texas April 21, 2021).

Because the AR is not complete this Court will DEFER ruling on Plaintiff State's Motion for Limited Extra-Record Discovery until the AR is complete. The Government Defendants are ordered to complete the AR as directed within 45 days from date of this Order. Thereafter, the Plaintiff States shall have 30 days after the AR is filed to supplement or amend the pending Motion for Limited Extra-Record Discovery. The Government Defendants shall have 30 days after the filing of Plaintiff States' supplemental or amending memorandum to file a response thereto. Plaintiff States shall have 15 days after the filing of Government Defendants response to reply.

## II. CONCLUSION

For the reasons set forth above,

10

IT IS ORDERED that Government Defendants shall complete the AR, as directed herein, within 45 days of this Order.

IT IS FURTHER ORDERED that the ruling on Plaintiff States' Motion for Limited Extra-Record Discovery [Doc. No. 174] is DEFERRED.

IT IS FURTHER ORDERED that within 30 days of the AR being completed, Plaintiff States shall supplement or amend their pending Motion for Limited Extra-Record Discovery. Government Defendants shall have 30 days after Plaintiff States' supplemental or amending motion is filed to file a response. Plaintiff States shall have 15 days after Government Defendants' response is filed to file a reply.

MONROE, LOUISIANA, this 17th day of November 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE