UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, by and through its Attorney General, JEFF LANDRY, et al.,<br>*Plaintiffs,*<br><br>v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, et al.,<br><br>*Defendants.* | Civ. No.:    2:21-cv-00778-TAD-KK<br><br>Judge:       Terry A. Doughty<br><br>Mag. Judge:  Kathleen Kay |

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* BY HEALTHY GULF, ET AL. AND MEMORANDUM IN SUPPORT OF MOTION**

## NOTICE OF MOTION

Healthy Gulf, Center for Biological Diversity, Cook Inletkeeper, Defenders of Wildlife, Friends of the Earth, Natural Resources Defense Council, Oceana, Sierra Club, and The Wilderness Society ("Conservation Groups") respectfully move for leave to file a brief as *amici curiae* (attached as Attachment A) in the present action.[1]

This unopposed motion is based on the following memorandum of points and authorities. Conservation Groups have filed a proposed order (attached as Attachment B) with this motion.

## CERTIFICATE REGARDING CONSENT OF PARTIES TO MOTION

Counsel for Conservation Groups sought consent from counsel for Plaintiffs and Defendants to submit a brief as *amici curiae* regarding Plaintiffs' motion for summary judgment and Defendants' cross-motion for summary judgment. Counsel for Plaintiffs stated Plaintiffs do not oppose this motion so long as it is filed by today, June 21, 2022. Counsel for Defendants stated Defendants do not oppose this motion.

## STATEMENT OF INTEREST

Proposed amici curiae Conservation Groups are nonprofit organizations working around the country, including in Louisiana, dedicated to protecting the natural environment, encouraging the transition to clean energy systems, and promoting public health. *See* Mem. Supp. Mot. Interv. (Apr. 27, 2021), R. Doc. 73-1; Decls. Supp. Mot. Interv. (Apr. 27, 2021), R. Docs. 73-4 to 73-12. Their members are affected by continued oil and gas development and Conservation Groups have an interest in ensuring sound regulation of the oil and gas industry. R. Doc. 73-1 at 5–10, 12–14, 17–22; R. Docs. 73-4 to 73-12. Consequently, Conservation Groups have an interest in

---

[1] No counsel for a party authored the attached brief in whole or in part; no party or party's counsel contributed money that was intended to fund the preparation or submission of the brief; and no person other than amici curiae, their members, or their counsel contributed money that was intended to fund the preparation or submission of the brief.

the issues in this action, including resolution of questions about the Department of the Interior's statutory authority, the legality of the agency's actions, and the disposition of Plaintiffs' and Defendants' motions for summary judgment.

## MEMORANDUM IN SUPPORT OF MOTION

Conservation Groups have expertise in the statutory and regulatory framework governing oil and gas leasing, as well as factual issues related to leasing, developed through their many years of advocacy and seek to contribute this expertise as *amici curiae* in this case. While denying the Conservation Groups' motion for intervention, Order 8 (May 10, 2021), R. Doc. 111, this Court found Conservation Groups alleged a legally protectable interest in protecting the environment from the effects of the oil and gas industry. *Id.* at 4. This Court also stated that Conservation Groups "may have expertise in the issues in this proceeding," and invited "Conservation Groups to request amicus curiae status in this case and to file briefs addressing the constitutional and statutory authority issues." *Id.* at 8. Conservation Groups also previously were granted *amici curiae* status regarding Plaintiffs' motion for preliminary injunctive relief. R. Docs. 119, 122.

Courts have "exercised great liberality" in allowing amicus briefs to be filed. *See United States v. Davis*, 180 F. Supp. 2d 797, 800 (E.D. La. 2001). "There are no strict prerequisites that must be established prior to qualifying for amicus status," and an applicant must simply show that "participation is useful to or otherwise desirable by the court." *Id.*

Here, the Court has invited Conservation Groups to apply for *amici curiae* status and granted their prior request to participate as *amici curiae* at the preliminary injunction stage.[2]

---

[2] In opposing Conservation Groups' motion to intervene, Plaintiff States suggested Conservation Groups should participate as *amici curiae*. Mem. Opp. Mot. Interv. 9–10 (May 4, 2021), R. Doc. 96.

Further, Conservation Groups can offer useful expertise on the statutes governing onshore and offshore oil and gas leasing, which are at issue in the present action. *See* Pls.' Mem. Supp. Mot. Summ. J., R. Doc. 199-1; Defs.' Opp'n Pls.' Mot. Summ. J., R. Doc. 208; Defs.' Mem. Supp. Cross-Mot. Summ. J., R. Doc. 209-1. Conservation Groups have worked for decades to protect public lands and waters from the impacts of oil and gas development.[3] Conservation Groups have a long history of litigation against the Department of the Interior, challenging both onshore and offshore leasing and development. *See, e.g.*, *Healthy Gulf v. Bernhardt*, No. 1:19-cv-00707 (D.D.C. filed Mar. 13, 2019); *Gulf Restoration Network v. Zinke*, No. 1:18-cv-01674 (D.D.C. filed July 16, 2018).[4] Conservation Groups also have extensive experience litigating to enforce environmental laws and in administrative law practice. *See* R. Doc. 73-1, at 6–10.

In the course of this work, Conservation Groups have developed deep expertise related to the regulation of onshore and offshore oil and gas development, as well as the requirements of the Administrative Procedure Act and key environmental statutes. Conservation Groups seek to present their perspective on Interior's obligations under the Outer Continental Shelf Lands Act (OCSLA), the Mineral Leasing Act (MLA), and the Administrative Procedure Act (APA), as well as the administration of the oil and gas leasing programs under those statutes, which are germane to the arguments in the motions for summary judgment. In addition, Conservation Groups have expertise on factual issues related to oil and gas leasing and development, such as economic analyses, environmental effects, and safety risks.

---

[3] *See* Eustis Decl. ¶ 9, R. Doc. 73-4; Templeton Decl. ¶¶ 3, 9–10, R. Doc. 73-8; Chasis Decl. ¶¶ 6–7, R. Doc. 73-9; Savitz Decl. ¶ 5, 7, R. Doc. 73-10; Jespersen Decl. ¶ 9, R. Doc. 73-12; McKinnon Decl. ¶ 20, R. Doc. 73-5; Nelson Decl. ¶ 21, R. Doc. 73-7.
[4] *See also* Jesperson Decl. ¶ 17; McKinnon Decl. ¶¶ 16–17; Collentine Decl. ¶¶ 8–9, R. Doc. 11; Nelson Decl. ¶¶ 9, 11–12, Templeton Decl. ¶ 8.

Conservation Groups' motion is timely, as it is filed one week after Defendants filed their opposition to Plaintiffs' summary judgment motion and cross-motion for summary judgment.

For the foregoing reasons, Conservation Groups respectfully request this Court's leave to file the attached brief, and supporting exhibits, as *amici curiae*.

Respectfully submitted this 21st day of June, 2022.

 /s/ Corinne Van Dalen
Corinne Van Dalen (LA Bar # 21175)
Earthjustice
900 Camp Street, Unit 303
New Orleans, LA 701
T: 415-283-2335
F: 415-217-2040
cvandalen@earthjustice.org

 /s/ Thomas Delehanty
Thomas Delehanty (*pro hac vice*)
Michael S. Freeman (*pro hac vice*)
Earthjustice
633 17th St., Suite 1600
Denver, CO 80202
T: 303-623-9466
F: 720-550-5757
tdelehanty@earthjustice.org
mfreeman@earthjustice.org

 /s/ Christopher Eaton
Christopher Eaton (*pro hac vice*)
Shana E. Emile (*pro hac vice*)
Earthjustice
810 Third Avenue, Suite 610
Seattle, WA 98104
T: 206-343-7340
F: 415-217-2040
ceaton@earthjustice.org
semile@earthjustice.org

 /s/ Erik Grafe
Erik Grafe (*pro hac vice*)
Earthjustice
441 W 5th Ave., Suite 301
Anchorage, AK 99501
T: 907-277-2500
F: 907-277-1390
egrafe@earthjustice.org

*Counsel for Amici Curiae Healthy Gulf, Center for Biological Diversity, Cook Inletkeeper, Defenders of Wildlife, Friends of the Earth, Oceana, Sierra Club, and The Wilderness Society*