

# United States Court of Appeals
## for the Fifth Circuit

Certified as a true copy and issued
as the mandate on Oct 11, 2022

Attest: *Lyle W. Cayce*

Clerk, U.S. Court of Appeals, Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2022

Lyle W. Cayce
Clerk

No. 21-30505

STATE OF LOUISIANA; STATE OF ALABAMA; STATE OF ALASKA; STATE OF ARKANSAS; STATE OF GEORGIA; STATE OF MISSISSIPPI; STATE OF MISSOURI; STATE OF MONTANA; STATE OF NEBRASKA; STATE OF OKLAHOMA; STATE OF TEXAS; STATE OF UTAH; STATE OF WEST VIRGINIA,

*Plaintiffs—Appellees*,

*versus*

JOSEPH R. BIDEN, JR., *in his official capacity as President of the United States*; DEB HAALAND, *in her official capacity as Secretary of the Interior*; MICHAEL NEDD, *in his official capacity as Deputy Director of the Bureau of Land Management*; CHAD PADGETT, *in his official capacity as Director of the Bureau of Land Management Alaska Office*; RAYMOND SUAZO, *in his official capacity as Director for the Bureau of Land Management Arizona Office*; KAREN MOURITSEN, *in her official capacity as Director for the Bureau of Land Management California Office*; JAMIE CONNELL, *in his official capacity as Director for the Bureau of Land Management Colorado Office*; MITCHELL LEVERETTE, *in his official capacity as Director for the Bureau of Land Management Eastern States Office*; JOHN RUHS, *in his official capacity as Director for the Bureau of Land Management Idaho Office*; JOHN MEHLHOFF, *in his official capacity as Director for the Bureau of Land Management Montana-Dakotas Office*; JON RABY, *in his official capacity as Director for the Bureau of Land Management Nevada Office*; STEVE WELLS, *in his official capacity as Director for the Bureau of Land Management New Mexico Office*; BARRY BUSHUE, *in his official capacity as Director for the Bureau of Land Management Oregon-Washington Office*; GREG SHEEHAN, *in his official capacity as Director for the Bureau of Land Management Utah Office*; KIM LIEBHAUSER, *in her official capacity as Director for the Bureau*

*of Land Management Wyoming Office*; AMANDA LEFTON, *in her official capacity as Director of the Bureau of Ocean Energy Management*; MICHAEL CELATA, *in his official capacity as Regional Director of the Bureau of Ocean Energy Management Gulf of Mexico Office*; LARS HERBST, *in his official capacity as Regional Director of the Bureau of Safety and Environmental Enforcement Gulf of Mexico OCS Office*; MARK FESMIRE, *in his official capacity as Regional Director of the Bureau of Safety and Environmental Enforcement Alaska and Pacific Office*,

*Defendants—Appellants.*

———————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:21-CV-778

———————————————

Before HIGGINBOTHAM, DENNIS, and GRAVES, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is VACATED and REMANDED to the District Court for further proceedings in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that each party bear its own costs on appeal.

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2022

Lyle W. Cayce
Clerk

No. 21-30505

---

State of Louisiana; State of Alabama; State of Alaska; State of Arkansas; State of Georgia; State of Mississippi; State of Missouri; State of Montana; State of Nebraska; State of Oklahoma; State of Texas; State of Utah; State of West Virginia,

*Plaintiffs—Appellees*,

*versus*

Joseph R. Biden, Jr., *in his official capacity as President of the United States*; Deb Haaland, *in her official capacity as Secretary of the Interior*; Michael Nedd, *in his official capacity as Deputy Director of the Bureau of Land Management*; Chad Padgett, *in his official capacity as Director of the Bureau of Land Management Alaska Office*; Raymond Suazo, *in his official capacity as Director for the Bureau of Land Management Arizona Office*; Karen Mouritsen, *in her official capacity as Director for the Bureau of Land Management California Office*; Jamie Connell, *in his official capacity as Director for the Bureau of Land Management Colorado Office*; Mitchell Leverette, *in his official capacity as Director for the Bureau of Land Management Eastern States Office*; John Ruhs, *in his official capacity as Director for the Bureau of Land Management Idaho Office*; John Mehlhoff, *in his official capacity as Director for the Bureau of Land Management Montana-Dakotas Office*; Jon Raby, *in his official capacity as Director for the Bureau of Land Management Nevada Office*; Steve Wells, *in his official capacity as Director for the Bureau of Land Management New Mexico Office*; Barry Bushue, *in his official capacity as Director for the Bureau of Land Management Oregon-Washington Office*; Greg Sheehan, *in his official capacity as Director for the Bureau of Land Management Utah Office*; Kim Liebhauser, *in her official capacity as Director for the Bureau*

*of Land Management Wyoming Office*; Amanda Lefton, *in her official capacity as Director of the Bureau of Ocean Energy Management*; Michael Celata, *in his official capacity as Regional Director of the Bureau of Ocean Energy Management Gulf of Mexico Office*; Lars Herbst, *in his official capacity as Regional Director of the Bureau of Safety and Environmental Enforcement Gulf of Mexico OCS Office*; Mark Fesmire, *in his official capacity as Regional Director of the Bureau of Safety and Environmental Enforcement Alaska and Pacific Office*,

*Defendants—Appellants.*

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:21-CV-778

---

Before Higginbotham, Dennis, and Graves, *Circuit Judges*.
Patrick E. Higginbotham, *Circuit Judge*:

The district court issued a nationwide preliminary injunction enjoining President Biden and various Department of Interior officials (the "Government") from pausing oil and gas lease sales. Because the district court's order and accompanying memorandum lack specificity, we vacate and remand.

## I.

On January 20, 2021, Acting Secretary of the Interior Scott de la Vega suspended delegated authority "[t]o issue any onshore or offshore fossil fuel authorization . . . ." On January 27, 2021, President Biden issued Executive Order 14,008.[1] This case centers on Section 208 of the Executive Order, which includes the following:

---

[1] Tackling the Climate Crisis at Home and Abroad, 86 Fed. Reg. 7619, 7624–25 (Jan. 27, 2021).

No. 21-30505

>To the extent consistent with applicable law, the Secretary of the Interior shall <u>pause</u> new oil and natural gas leases on public lands or in offshore waters pending completion of a comprehensive review and reconsideration of Federal oil and gas permitting and leasing practices in light of the Secretary of the Interior's broad stewardship responsibilities over the public lands and in offshore waters, including potential climate and other impacts associated with oil and gas activities on public lands or in offshore waters.[2]

On the same day, the Bureau of Land Management published a fact sheet about the Executive Order, explaining that the pause of new oil and natural gas leasing did not impact existing operations and instead provided a chance to review the federal oil and gas program to ensure it served the public interest so as to "restore balance on America's public lands and waters to benefit current and future generations."[3] At the time the district court entered the injunction, no onshore oil and gas lease sale had been held since the Executive Order.

As to offshore lease sales, the parties specifically litigate regarding Lease Sale 257 in the Gulf of Mexico[4] and Lease Sale 258 in Cook Inlet, Alaska.[5] Lease Sale 257 was held following the district court's order. As to Lease Sale 258, on February 23, 2021, the Bureau of Ocean Energy Management cancelled the public comment period and virtual hearings per

---

[2] *Id.* (emphasis added).

[3] Fact Sheet: President Biden to Take Action to Uphold Commitment to Restore Balance on Public Lands and Waters, Invest in Clean Energy Future, Bureau of Land Management (Jan. 27, 2021), https://www.blm.gov/press-release/fact-sheet-president-biden-take-action-uphold-commitment-restore-balance-public-lands (last visited August 3, 2022).

[4] 86 Fed. Reg. 10132 (Feb. 18, 2021).

[5] 85 Fed. Reg. 55859 (Sept. 10, 2020).

the Executive Order, ostensibly to avoid administrative costs while the sale was under review.[6]

On March 24, 2021, thirteen states[7] (the "States") filed a complaint seeking injunctive relief and alleging that the Department of Interior violated the Administrative Procedure Act by actions that were contrary to law, arbitrary and capricious, and for failing to go through notice and comment when implementing lease sale postponements or cancellations.[8] On March 31, 2021, the States moved for a preliminary injunction, which the district court granted on June 15, 2021. The Government timely appealed.

## II.

As a threshold issue, we address whether the Government waived its argument that the injunction failed to meet Federal Rule of Civil Procedure Rule 65(d).[9] The Government's opening brief argued that the injunction must be reversed because the injunction is tantamount to enjoining an

---

[6] 86 Fed. Reg. 10994 (Feb. 23, 2021).

[7] The states are Alabama, Alaska, Arkansas, Georgia, Louisiana, Mississippi, Missouri, Montana, Nebraska, Oklahoma, Texas, Utah, and West Virginia.

[8] The States characterize the lease actions as "cancellations," while the Government characterize them as "postponements." The complaint included four additional counts that did not seek injunctive relief: two counts under the APA for unlawful withholding or unreasonable delay of lease sales, a Citizen Suit under the Outer Continental Shelf Lands Act ("OCSLA"), and an *ultra vires* claim which alleged that President Biden exceeded his authority under the Mineral Leasing Act and OCSLA.

[9] The Rule requires:

Every order granting an injunction and every restraining order must:

(A) state the reasons why it issued;

(B) state its terms specifically; and

(C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required.

Executive Order, which is not subject to judicial review. The States countered that the district court did not enjoin the Executive Order, instead enjoining "the unwritten but conspicuous nationwide lease-sale 'Pause' as final agency action reviewable under the APA." The Government replied that the States mischaracterized the injunction, but that if the district court had found an unwritten pause, then such an injunction would fail to comply with Rule 65.

The Government first invoked Rule 65 in its reply brief. Although we typically do not entertain arguments raised for the first time in a reply brief,[10] we will when a new issue is raised in the appellee's brief and the appellant responds in the reply brief.[11] This avoids the unfairness of the situation when "an appellant raises a completely new issue in its reply brief, disadvantaging the appellee, and for which the procedural bar concerning initial briefs was properly developed and utilized."[12] Here, the States raised a new issue in their brief by positing the district court enjoined an unwritten pause, to which the Government responded in their reply brief, invoking Rule 65. Applying our precedent, we exercise our discretion to address the merits of the Rule 65 issue.[13]

### III.

"We review a preliminary injunction for abuse of discretion, reviewing findings of fact for clear error and conclusions of law *de novo*."[14]

---

[10] *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009).

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535, 537 (5th Cir. 2013).

Whether an injunction fulfills the mandates of Fed. R. Civ. P. 65(d) is a question of law we review *de novo*.[15]

## IV.

The district court's order is as follows:

> IT IS THEREFORE ORDERED that [Agency Defendants] are hereby ENJOINED and RESTRAINED from implementing the Pause of new oil and natural gas leases on public lands or in offshore waters as set forth in [the Executive Order] and as set forth in all documents implementing the terms of said Executive Order by said defendants, as to all eligible lands.

> IT IS FURTHER ORDERED that the said Agency Defendants shall be ENJOINED and RESTRAINED from implementing said Pause with respect to Lease Sale 257, Lease Sale 258 and to all eligible onshore properties.[16]

The order enjoins implementation of the "Pause" but does not define that term. The district court's accompanying memorandum defines the Pause without precision, leading the parties to differ in their interpretation of the Pause's breadth. The Government argues that the Pause refers to and enjoins the Executive Order itself and the States argue that the Pause refers to an unwritten policy. The district court's memorandum opens:

> The issue before this Court is whether the Plaintiff States are entitled to a preliminary injunction against the Government Defendants as a result of the implementation of a "pause" of new oil and natural gas leases on public lands or in offshore waters ("Pause") after Executive Order 14008 was signed by

---

[15] *Scott v. Schedler*, 826 F.3d 207, 211 (5th Cir. 2016).

[16] The district court defined "Agency Defendants" as all defendants other than President Biden.

No. 21-30505

President Joseph R. Biden, Jr. ("President Biden") on January 27, 2021.

This is the only place in the memorandum where "Pause" is defined as a term. However, the district court devoted several pages to a section titled, "Is there a Pause?" In that section, the district court discussed the Executive Order and actions of the Acting Secretary of the Interior, by the Bureau of Land Management and Bureau of Ocean Energy Management, and internal communications within the Department of Interior. The States contend this illustrates that the Pause is defined to encompass an unwritten policy of the Government. While that is a possible interpretation, the district court's order did not state that with specificity. The memorandum did not refer to an unwritten policy when it defined "Pause," and the section titled, "Is there a Pause?" did not state whether the Pause was unwritten.

To comply with Rule 65(d) a district court's order should state its terms specifically and describe in reasonable detail the conduct restrained or required.[17] This drafting standard means "that an ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed."[18] "The rule embodies the elementary due process requirement of notice."[19] The Supreme Court has repeatedly emphasized that "the specificity provisions of Rule 65(d) are no mere technical requirements."[20] "The Rule was designed to prevent uncertainty

---

[17] *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 586 (5th Cir. 2013) (quoting FED. R. CIV. P. 65(d)).

[18] *U. S. Steel Corp. v. United Mine Workers of Am.*, 519 F.2d 1236, 1246 n.20 (5th Cir. 1975) (quoting WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2955 at 536–37 (1973)).

[19] *Id.* at 1246.

[20] *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974).

and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood."[21]

The present injunction fails to meet Rule 65(d) requirements. We cannot reach the merits of the Government's challenge when we cannot ascertain from the record what conduct—an unwritten agency policy, a written policy outside of the Executive Order, or the Executive Order itself— is enjoined. Our review of APA claims must begin by determining if there was final agency action.[22] Where, as here, it is unclear what final agency action the district court predicated its order upon, we are unable to reach the merits of the appeal.

## V.

The order below does not satisfy the requirements of Rule 65(d). Accordingly, we VACATE the judgment of the district court and REMAND the case to that court for further proceedings consistent with this opinion.

---

[21] *Id*.

[22] *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997).

# United States Court of Appeals

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

October 11, 2022

Mr. Tony R. Moore
Western District of Louisiana, Lake Charles
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

     No. 21-30505  State of Louisiana v. Biden
               USDC No. 2:21-CV-778

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                  Sincerely,

                  LYLE W. CAYCE, Clerk

                  By: _____
                  Connie Brown, Deputy Clerk
                  504-310-7671

cc:
     Mr. Andrew Marshall Bernie
     Ms. Victoria Elizabeth Emmerling
     Mr. John S. Guttmann III
     Mr. Kenneth Hugh Laborde
     Mr. Joshua Paul Morrow
     Ms. Elizabeth Baker Murrill
     Mr. Michael Benjamin Schon
     Mr. Daniel Shapiro
     Mr. Joseph Scott St. John